FEDERAL HOME LOAN MORTGAGE CORPORATION, APPELLEE, *v.*

SCHWARTZWALD ET AL., APPELLANTS.

[Cite as *Fed. Home Loan Mtge. Corp. v. Schwartzwald,*

134 Ohio St.3d 13, 2012-Ohio-5017.]

*Foreclosure—Jurisdictional aspects of standing—Civ.R. 17(A)—Jurisdiction determined as of time of filing suit.*

(Nos. 2011-1201 and 2011-1362—Submitted April 4, 2012—Decided

October 31, 2012.)

APPEAL from and CERTIFIED by the Court of Appeals for Greene County,

No. 2010 CA 41, 194 Ohio App.3d 644, 2011-Ohio-2681.

_____

**O'DONNELL, J.**

{¶ 1} Duane and Julie Schwartzwald appeal from a judgment of the Second District Court of Appeals affirming a decree of foreclosure entered in favor of the Federal Home Loan Mortgage Corporation. In addition, the appellate court certified that its decision in this case conflicts with decisions of the First and Eighth Districts on the following issue: "In a mortgage foreclosure action, the lack of standing or a real party in interest defect can be cured by the assignment of the mortgage prior to judgment."

{¶ 2} Federal Home Loan commenced this foreclosure action before it obtained an assignment of the promissory note and mortgage securing the Schwartzwalds' loan. The Schwartzwalds maintained that Federal Home Loan lacked standing to sue. The trial court granted summary judgment in favor of Federal Home Loan and entered a decree of foreclosure. The appellate court affirmed, holding that Federal Home Loan had remedied its lack of standing when it obtained an assignment from the real party in interest.

**{¶ 3}** However, standing is required to invoke the jurisdiction of the common pleas court, and therefore it is determined as of the filing of the complaint. Thus, receiving an assignment of a promissory note and mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action.

**{¶ 4}** Accordingly, the judgment of the court of appeals is reversed, and the cause is dismissed.

## Facts and Procedural History

**{¶ 5}** In November 2006, Duane and Julie Schwartzwald purchased a home in Xenia, Ohio, and received a mortgage loan from Legacy Mortgage in the amount of $251,250. They executed a promissory note and a mortgage granting Legacy Mortgage a security interest in the property. Legacy Mortgage then endorsed the promissory note as payable to Wells Fargo Bank, N.A., and assigned it the mortgage.

**{¶ 6}** In September 2008, Duane Schwartzwald lost his job at Barco, Inc., and the Schwartzwalds moved to Indiana so he could accept a new position. They continued making mortgage payments as they tried to sell the house in Xenia, but they went into default on January 1, 2009. In March 2009, Wells Fargo agreed to list the property for a short sale, and on April 8, 2009, the Schwartzwalds entered into a contract to sell it for $259,900, with closing set for June 8, 2009.

**{¶ 7}** However, on April 15, 2009, Federal Home Loan Mortgage Corporation commenced this foreclosure action, alleging that the Schwartzwalds had defaulted on their loan and owed $245,085.18 plus interest, costs, and advances. It attached a copy of the mortgage identifying the Schwartzwalds as borrowers and Legacy Mortgage as lender, but did not attach a copy of the note, claiming that "a copy of [the note] is currently unavailable."

2

{¶ 8} Julie Schwartzwald then contacted Wells Fargo about the foreclosure complaint. She testified, "I was told that it was 'standard procedure' and 'don't worry about it' because we were doing a short sale." The Schwartzwalds did not answer the complaint.

{¶ 9} On April 24, 2009, Federal Home Loan filed with the court a copy of the note signed by the Schwartzwalds in favor of Legacy Mortgage. The final page carries a blank endorsement by Wells Fargo placed above the endorsement by Legacy Mortgage payable to Wells Fargo.

{¶ 10} On May 15, 2009, Wells Fargo assigned the note and mortgage to Federal Home Loan, and Federal Home Loan filed with the court a copy of the assignment on June 17, 2009. It then moved for a default judgment and a summary judgment, but the trial court discovered that Federal Home Loan had failed to establish a chain of title because no assignment of the mortgage from Legacy Mortgage to Wells Fargo appeared in the record.

{¶ 11} During this time, even though it had assigned its interest in the note and mortgage to Federal Home Loan, Wells Fargo continued discussing a short sale of the property with the Schwartzwalds, but delays in this process eventually caused the Schwartzwalds' buyer to rescind the offer. On December 14, 2009, the trial court granted the Schwartzwalds leave to file an answer. That same day, Federal Home Loan filed with the court a copy of the assignment of the mortgage from Legacy Mortgage to Wells Fargo dated November 27, 2006.

{¶ 12} Federal Home Loan again moved for summary judgment, supporting the motion with the affidavit of Herman John Kennerty, vice president of loan documentation for Wells Fargo as servicing agent for Federal Home Loan, who averred that the Schwartzwalds were in default and who authenticated the note and mortgage as well as the assignment of the note and mortgage from Wells Fargo. Subsequently, Federal Home Loan filed copies of the notarized

assignments from Legacy Mortgage to Wells Fargo and from Wells Fargo to Federal Home Loan.

**{¶ 13}** The Schwartzwalds also moved for summary judgment, asserting that Federal Home Loan lacked standing to foreclose on their property.

**{¶ 14}** The trial court entered summary judgment for Federal Home Loan, finding that the Schwartzwalds had defaulted on the note, and it ordered the equity of redemption foreclosed and the property sold. Federal Home Loan purchased the property at a sheriff's sale.

**{¶ 15}** On appeal, the Second District Court of Appeals affirmed and held that Federal Home Loan had established its right to enforce the promissory note as a nonholder in possession, because assignment of the mortgage effected a transfer of the note it secured. The court further explained that standing is not a jurisdictional prerequisite and that a lack of standing may be cured by substituting the real party in interest for an original party pursuant to Civ.R. 17(A). Thus, the court concluded that although Federal Home Loan lacked standing at the time it commenced the foreclosure action, it cured that defect by the assignment of the mortgage and transfer of the note prior to entry of judgment.

**{¶ 16}** The court of appeals certified that its decision conflicted with *Wells Fargo Bank, N.A. v. Byrd,* 178 Ohio App.3d 285, 2008-Ohio-4603, 897 N.E.2d 722, ¶ 15-16 (1st Dist.); *Bank of New York v. Gindele,* 1st Dist. No. C-090251, 2010-Ohio-542, ¶ 3-4; and *Wells Fargo Bank, N.A. v. Jordan,* 8th Dist. No. 91675, 2009-Ohio-1092, ¶ 21, cases that held that a lack of standing cannot be cured by substituting the real party in interest for an original party pursuant to Civ.R. 17(A). We accepted the conflict and the Schwartzwalds' discretionary appeal on the same issue.

### Arguments on Appeal

**{¶ 17}** The Schwartzwalds explain that the essential aspect of standing is injury to a legally protected right and claim that Federal Home Loan had not been

injured by their default at the time it commenced this foreclosure action, because it had not obtained the note and mortgage until after it filed the complaint. Relying on federal case law, they maintain that standing is determined as of the time the action is brought, so that subsequent events do not cure a lack of standing. They further urge that although the requirement of a real party in interest can be waived, that requirement cannot be equated with the requirement of standing.

{¶ 18} Federal Home Loan asserts that pursuant to R.C. 1303.31, it is a "person entitled to enforce the note" because it is "[a] nonholder in possession of the instrument who has the rights of a holder" by virtue of the negotiation of the note from Legacy to Wells Fargo and the assignment from Wells Fargo. Further, it maintains that R.C. 1303.31 defines only which party is entitled to enforce a note and that the failure to be a real party in interest at the commencement of suit can be cured pursuant to Civ.R. 17(A) by the assignment of the mortgage and note. It also contends that the jurisdictional requirement of justiciability is satisfied if the allegations of the complaint establish that the plaintiff has standing to present a justiciable controversy and that even if it is determined that those allegations were in fact false, the matter remains justiciable so long as the plaintiff subsequently obtains the right to foreclose prior to judgment. On this basis, it argues that because "the Ohio Constitution bestows general (and not limited) jurisdiction on common pleas courts, common pleas courts have 'jurisdiction' to hear disputes, even if the named plaintiff was not the correct person to invoke it." Thus, it concedes that the record in this case does not establish that it was a person entitled to enforce the note as of the date the complaint was filed, but it maintains that it "proved that it was such a person prior to judgment."

{¶ 19} Accordingly, the question presented is whether a lack of standing at the commencement of a foreclosure action filed in a common pleas court may

be cured by obtaining an assignment of a note and mortgage sufficient to establish standing prior to the entry of judgment.

**Law and Analysis**

*Standing to Sue*

**{¶ 20}** The Ohio Constitution provides in Article IV, Section 4(B): "The courts of common pleas and divisions thereof shall have such original jurisdiction *over all justiciable matters* and such powers of review of proceedings of administrative officers and agencies as may be provided by law." (Emphasis added.)

**{¶ 21}** In *Cleveland v. Shaker Hts.*, 30 Ohio St.3d 49, 51, 507 N.E.2d 323 (1987), we stated:

> " 'Whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy is what has traditionally been referred to as the question of standing to sue. Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends on whether the party has alleged * * * a "personal stake in the outcome of the controversy." ' "

*Id.*, quoting *Middletown v. Ferguson*, 25 Ohio St.3d 71, 75, 495 N.E.2d 380 (1986), quoting *Sierra Club v. Morton*, 405 U.S. 727, 731-732, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972), quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). Similarly, the United States Supreme Court observed in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), that "[s]tanding to sue is part of the common understanding of what it takes to make a justiciable case."

**{¶ 22}** We recognized that standing is a "jurisdictional requirement" in *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176, 179, 298 N.E.2d 515 (1973), and we stated: "It is an elementary concept of law that a party lacks standing *to invoke the jurisdiction* of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Emphasis added.) *See also New Boston Coke Corp. v. Tyler*, 32 Ohio St.3d 216, 218, 513 N.E.2d 302 (1987) ("the issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings"); Steinglass & Scarselli, *The Ohio State Constitution: A Reference Guide* 180 (2004) (noting that the jurisdiction of the common pleas court is limited to justiciable matters).

**{¶ 23}** And recently, in *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, we affirmed the dismissal of a complaint for lack of standing when it had been filed before the claimant had suffered any injury. There, Kincaid asserted claims that his insurer had breached the insurance contract by failing to pay expenses covered by the policy; however, he had never presented a claim for reimbursement to the insurer. We concluded that Kincaid lacked standing to assert the cause of action, explaining, "Until Erie refuses to pay a claim for a loss, Kincaid has suffered no actual damages for breach of contract, the parties do not have adverse legal interests, and there is no justiciable controversy." *Id.* at ¶ 13.

**{¶ 24}** Because standing to sue is required to invoke the jurisdiction of the common pleas court, "standing is to be determined as of the commencement of suit." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570-571, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), fn. 5; *see also Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC),* 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154-1155 (10th Cir.2005); *Focus on the Family v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263, 1275

(11th Cir.2003); *Perry v. Arlington Hts.,* 186 F.3d 826, 830 (7th Cir.1999); *Carr v. Alta Verde Industries, Inc.,* 931 F.2d 1055, 1061 (5th Cir.1991).

{¶ 25} Further, invoking the jurisdiction of the court "depends on the state of things at the time of the action brought," *Mullan v. Torrance,* 22 U.S. 537, 539, 9 Wheat. 537, 6 L.Ed. 154 (1824), and the Supreme Court has observed that "[t]he state of things and the originally alleged state of things are not synonymous; demonstration that the original allegations were false will defeat jurisdiction." *Rockwell Internatl. Corp. v. United States*, 549 U.S. 457, 473, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007).

{¶ 26} Thus, "[p]ost-filing events that supply standing that did not exist on filing may be disregarded, denying standing despite a showing of sufficient present injury caused by the challenged acts and capable of judicial redress." 13A Wright, Miller & Cooper, *Federal Practice and Procedure* 9, Section 3531 (2008); *see Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 575, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004), quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 75, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (rejecting argument that " 'finality, efficiency, and judicial economy' " can justify suspension of the time-of-filing rule); *Utah Assn. of Counties v. Bush*, 455 F.3d 1094, 1101, and fn. 6 (10th Cir.2006) (a plaintiff cannot rely on injuries occurring after the filing of the complaint to establish standing).

{¶ 27} This principle accords with decisions from other states holding that standing is determined as of the filing of the complaint. *See, e.g., Deutsche Bank Natl. Trust v. Brumbaugh*, 2012 OK 3, 270 P.3d 151, ¶ 11 ("If Deutsche Bank became a person entitled to enforce the note as either a holder or nonholder in possession who has the rights of a holder *after the foreclosure action was filed*, then the case may be dismissed without prejudice * * *" [emphasis added]); *U.S. Bank Natl. Assn. v. Kimball*, 190 Vt. 210, 2011 VT 81, 27 A.3d 1087, ¶ 14 ("U.S. Bank was required to show that *at the time the complaint was filed* it possessed

the original note either made payable to bearer with a blank endorsement or made payable to order with an endorsement specifically to U.S. Bank" [emphasis added]); *Mtge. Electronic Registration Sys., Inc. v. Saunders*, 2010 ME 79, 2 A.3d 289, ¶ 15 ("Without possession of or any interest in the note, MERS *lacked standing to institute* foreclosure proceedings and could not invoke the jurisdiction of our trial courts" [emphasis added]); *RMS Residential Properties, L.L.C. v. Miller*, 303 Conn. 224, 229, 232, 32 A.3d 307 (2011), quoting *Hiland v. Ives*, 28 Conn.Supp. 243, 245, 257 A.2d 822 (1966) (explaining that " '[s]tanding is the legal right to set judicial machinery in motion' " and holding that the plaintiff had standing because it proved ownership of the note and mortgage at the time it commenced foreclosure action); *McLean v. JP Morgan Chase Bank Natl. Assn.*, 79 So.3d 170, 173 (Fla.App.2012) ("the plaintiff must prove that it had standing to foreclose when the complaint was filed"); *see also Burley v. Douglas*, 26 So.3d 1013, 1019 (Miss.2009), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), fn. 5 (" 'standing is to be determined as of the commencement of suit' "); *In re 2007 Administration of Appropriations of Waters of the Niobrara*, 278 Neb. 137, 145, 768 N.W.2d 420 (2009) ("only a party that has standing may invoke the jurisdiction of a court or tribunal. And the junior appropriators did not lose standing if they possessed it under the facts existing when they commenced the litigation" [footnote omitted]).

{¶ 28} Here, Federal Home Loan concedes that there is no evidence that it had suffered any injury at the time it commenced this foreclosure action. Thus, because it failed to establish an interest in the note or mortgage at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court.

*The Real-Party-in-Interest Rule*

{¶ 29} The court of appeals and Federal Home Loan relied on the plurality opinion in *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998), which suggested that "[t]he lack of standing may be cured by

substituting the proper party so that a court otherwise having subject matter jurisdiction may proceed to adjudicate the matter. Civ.R. 17." However, four justices declined to join that portion of the opinion, and therefore it is not a holding of this court. *See* Ohio Constitution, Article IV, Section 2(A) ("A majority of the supreme court shall be necessary to constitute a quorum or to render a judgment").

{¶ 30} At common law, all actions had to be brought in the name of the person holding legal title to the right asserted, and individuals possessing only equitable or beneficial interests could not sue in their own right. *See generally* Clark & Hutchins, *The Real Party in Interest*, 34 Yale L.J. 259 (1925); 6A Wright, Miller & Kane, *Federal Practice and Procedure*, Section 1541 (2010). However, the practice in equity relaxed this requirement, and states later abrogated the common-law rules and adopted "rules that permitted any 'real party in interest' to bring suit." *Sprint Communications Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 279, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008).

{¶ 31} In Ohio, Civ.R. 17(A) governs the procedural requirement that a complaint be brought in the name of the real party in interest and provides:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought. When a statute of this state so provides, an action for the use or benefit of another shall be brought in the name of this state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has

been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

**{¶ 32}** Considering Civ.R. 17(A) in *Shealy v. Campbell*, 20 Ohio St.3d 23, 24-25, 485 N.E.2d 701 (1985), we observed:

The purpose behind the real party in interest rule is " '* * * to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter.' *Celanese Corp. of America v. John Clark Industries* (5 Cir.1954), 214 F.2d 551, 556." [*In re Highland Holiday Subdivision* (1971), 27 Ohio App.2d 237] 240 [273 N.E.2d 903].

**{¶ 33}** As the Supreme Court explained in *Lincoln Property Co. v. Roche*, 546 U.S. 81, 90, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005), the real-party-in-interest rule concerns only proper party joinder. Civ.R. 17(A) does not address standing; rather, the point of the rule is that "suits by representative plaintiffs on behalf of the real parties in interest are the exception rather than the rule and should only be allowed when the real parties in interest are identifiable and the res judicata scope of the judgment can be effectively determined." *Consumer Fedn. of Am. v. Upjohn Co.*, 346 A.2d 725, 729 (D.C.1975) (construing analogous District of Columbia rule).

**{¶ 34}** Thus, the Third and the Ninth Circuits have rejected the notion that Fed.R.Civ.P. 17(a), on which Civ.R. 17(A) is based, allows a party with no personal stake in a controversy to file a claim on behalf of a third party, obtain the cause of action by assignment, and then have the assignment relate back to commencement of the action, stating:

> "Rule 17(a) does not apply to a situation where a party with no cause of action files a lawsuit to toll the statute of limitations and later obtains a cause of action through assignment. Rule 17(a) is the codification of the salutary principle that an action should not be forfeited because of an honest mistake; it is not a provision to be distorted by parties to circumvent the limitations period."

*Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 563 (3d Cir.2008), quoting *United States ex rel. Wulff v. CMA, Inc.*, 890 F.2d 1070, 1075 (9th Cir.1989).

**{¶ 35}** The Sixth Circuit Court of Appeals' decision in *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528 (6th Cir.2002), illustrates this point. In that case, a fire at a warehouse destroyed property insured by American Guarantee, which paid out a claim for damages. However, another insurance company, Zurich Switzerland, filed a complaint claiming to be the insured's subrogee, notwithstanding the fact that Zurich Switzerland had neither issued an insurance policy nor paid out any money to the insured. The defendants moved to dismiss for lack of standing, and Zurich Switzerland sought to substitute American Guarantee as the real party in interest pursuant to Fed.R.Civ.P. 17(a). The district court dismissed the action.

**{¶ 36}** The Sixth Circuit Court of Appeals acknowledged that the statute of limitations would bar American Guarantee's claim unless Fed.R.Civ.P. 17(a) allowed it to be substituted for Zurich Switzerland. However, the court

distinguished between the requirement of standing and the objection that the plaintiff is not the real party in interest, and it held that because "Zurich American admittedly has not suffered injury in fact by the defendants, it had no standing to bring this action and no standing to make a motion to substitute the real party in interest." *Id.*

{¶ 37} Other courts have also determined that a plaintiff cannot rely on procedural rules similar to Civ.R. 17(A) to cure a lack of standing at the commencement of litigation. *Davis v. Yageo Corp.*, 481 F.3d 661, 678 (9th Cir.2007) ("whether or not Dux was the real-party-in-interest, it does not have standing, and it cannot cure its standing problem through an invocation of Fed.R.Civ.P. 17(a)"); *Clark v. Trailiner Corp.*, 242 F.3d 388 (10th Cir.2000) (table), opinion reported at 2000 WL 1694299 (noting that the plaintiff cannot "*retroactively become* the real-party-in-interest" in order to cure a lack of standing at the filing of the complaint [emphasis sic]); *accord State v. Property at 2018 Rainbow Drive*, 740 So.2d 1025, 1027-1028 (Ala.1999) (rejecting the argument that a lack of standing can be cured after the filing of the complaint); *Consumer Fedn. of Am. v. Upjohn Co.*, 346 A.2d 725, 729 (D.C.App.1975) (explaining that dismissal for lack of standing is consistent with D.C.Super.Ct.Civ.R. 17(a)); *see also McLean v. JP Morgan Chase Bank Natl. Assn.*, 79 So.3d 170, 173 (Fla.App.2012) ("a party is not permitted to establish the right to maintain an action retroactively by acquiring standing to file a lawsuit after the fact").

{¶ 38} We agree with the reasoning and analysis presented in these cases. Standing is required to invoke the jurisdiction of the common pleas court. Pursuant to Civ.R. 82, the Rules of Civil Procedure do not extend the jurisdiction of the courts of this state, and a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance.

**{¶ 39}** Accordingly, a litigant cannot pursuant to Civ.R. 17(A) cure the lack of standing after commencement of the action by obtaining an interest in the subject of the litigation and substituting itself as the real party in interest.

*Effect of Lack of Standing on Foreclosure Actions*

**{¶ 40}** The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice. *See State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, ¶ 51. Because there has been no adjudication on the underlying indebtedness, our dismissal has no effect on the underlying duties, rights, or obligations of the parties.

**Conclusion**

**{¶ 41}** It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court. Civ.R. 17(A) does not change this principle, and a lack of standing at the outset of litigation cannot be cured by receipt of an assignment of the claim or by substitution of the real party in interest.

**{¶ 42}** Here, it is undisputed that Federal Home Loan did not have standing at the time it commenced this foreclosure action, and therefore it failed to invoke the jurisdiction of the court of common pleas. Accordingly, the judgment of the court of appeals is reversed, and the cause is dismissed.

Judgment reversed
and cause dismissed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Thompson Hine, L.L.P., Scott A. King, and Terry W. Posey Jr., for appellee.

Andrew M. Engel, for appellants.

Bruce M. Broyles, urging reversal for amici curiae Homeowners of the State of Ohio and Ohiofraudclosure.blogspot.com.

Advocates for Basic Legal Equality, Inc., and Andrew D. Neuhauser; Legal Aid Society of Cleveland and Julie K. Robie; Legal Aid Society of Southwest Ohio, L.L.C., and Noel M. Morgan; Community Legal Aid Services, Inc., Christina M. Janice, and Paul E. Zindle; and Ohio Poverty Law Center and Linda Cook, urging reversal for amici curiae Advocates for Basic Legal Equality, Inc., Legal Aid Society of Cleveland, Legal Aid Society of Southwest Ohio, L.L.C., Community Legal Aid Services, Inc., Ohio Poverty Law Center, Legal Aid Society of Columbus, Southeastern Ohio Legal Services, Legal Aid of Western Ohio, and Pro Seniors, Inc.

_____