[Cite as *Wells Fargo Delaware Trust Co. v. Parks*, 2013-Ohio-418.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

WELLS FARGO DELAWARE TRUST
CO.

    Appellee

    v.

THOMAS D. PARKS, et al.

    Appellants

C.A. No.     12CA010193

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    05 CV 144283

DECISION AND JOURNAL ENTRY

Dated: February 11, 2013

WHITMORE, Judge.

{¶1}   Appellant, Thomas Parks, appeals from the judgment of the Lorain County Court of Common Pleas, denying his motion for relief from judgment.  This Court reverses.

I

{¶2}   On August 20, 1998, Thomas and Darlene Parks appear to have executed a mortgage, and a corresponding promissory note, in favor of Creative Mortgage Solutions.[1] Creative Mortgage Solutions assigned the mortgage to ContiMortgage Corporation, and, in June 2005, ContiMortgage assigned the mortgage to "Wells Fargo Delaware Trust Company, as Trustee for Ellington Acquisition Trust 2005-1."

{¶3}   On November 28, 2005, CitiBank, N.A. as trustee for the registered holders of the Ellington Mortgage Loan Trust 2005-1, Asset-backed Certificates Series 2005-1-1, filed a

---

[1] Darlene Parks has since passed away, and Thomas Parks denies having executed the documents.

complaint for foreclosure against Parks. Attached to the complaint was a copy of the 1998 promissory note executed by Parks in favor of Creative Mortgage Solutions. No documentation was attached to the complaint to show CitiBank or Ellington Mortgage Loan Trust had obtained an interest in the promissory note.

{¶4} Parks did not answer the complaint, and the court entered a judgment against him in April 2006. The house was sold to CitiBank at a sheriff's sale in June 2006. Parks subsequently filed a motion to vacate the judgment, which the court ultimately granted. The court ordered the sale vacated in January 2007. Parks, through counsel, then filed an answer to the complaint.

{¶5} In April 2008, CitiBank requested the court substitute Wells Fargo as the plaintiff, attaching the 2005 assignment of the mortgage from ContiMortgage to Wells Fargo as trustee for the "Ellington Acquisition Trust 2005-1." The court granted the substitution. Subsequently, Parks filed a motion to substitute plaintiff for Regions Mortgage, another entity he believed owned the mortgage, arguing that neither Wells Fargo nor CitiBank had standing to bring the foreclosure action. The court denied his motion.

{¶6} In May 2010, Wells Fargo filed a motion for summary judgment, which the court granted. No appeal was filed. Parks filed a motion for relief from judgment. The court denied his motion without a hearing on February 10, 2012. Parks now appeals and raises three assignments of error for our review. To facilitate the analysis, we combine the assignments of error.

II

Assignment of Error Number One

THE TRIAL COURT ABUSED ITS DISCRETION AND/OR OTHERWISE
ERRED IN DENYING APPELLANT THOMAS PARKS' MOTION FOR

RELIEF FROM JUDGMENT SINCE PARKS DEMONSTRATED THE FOLLOWING: (1) EXCUSABLE NEGLECT AND/OR ANY OTHER REASON JUSTIFYING RELIEF FROM JUDGMENT; (2) VALID DEFENSES TO THE PLAINTIFF'S CLAIMS; AND (3) [HAD] MOVED FOR RELIEF IN A REASONABLE TIME AFTER THE JUDGMENT.

Assignment of Error Number Two

THE TRIAL COURT ABUSED ITS DISCRETION AND/OR OTHERWISE ERRED IN OVERRULING APPELLANT THOMAS PARKS' MOTION IN THE ABSENCE OF A FACTUAL DETERMINATION OF THE ALLEGED GROUNDS AND BY FAILING TO CONDUCT AN EVIDENTIARY HEARING UPON PARKS' REQUEST.

Assignment of Error Number Three

THE TRIAL COURT ERRED IN: (1) ALLOWING SUBSTITUTE PLAINTIFF WELLS FARGO TO FILE A MOTION FOR SUMMARY JUDGMENT WITHOUT GRANTING LEAVE PURSUANT TO THE BRIEFING SCHEDULE ON JULY 20, 2007, OVER TWO YEARS AFTER THE DISPOSITIVE MOTION DEADLINE; (2) BY FAILING TO SET AN UPDATED BRIEFING SCHEDULE; AND (3) IN RULING ON PLAINTIFF WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT PRIOR TO THE EXPIRATION OF TIME REQUIRED FOR APPELLANT THOMAS PARKS' (SIC) TO FILE A BRIEF IN OPPOSITION UNDER BOTH CIV.R. 56 AND LOCAL RULE 9(I) OF THE LORAIN COUNTY COURT OF COMMON PLEAS.

**{¶7}** In his brief, Parks argues, among other things, that CitiBank did not have standing to file the foreclosure action against him because CitiBank was not the holder of the note. The Ohio Supreme Court recently held, in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, that a plaintiff must have a valid assignment of the mortgage at the time of the filing of the complaint. "The Ohio Constitution provides in Article IV, Section 4(B): 'The courts of common pleas and divisions thereof shall have such original jurisdiction *over all justiciable matters* and such powers of review of proceedings of administrative officers and agencies as may be provided by law.'" (Emphasis sic.) *Schwartzwald* at ¶ 20.

Whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy is what has traditionally been referred to as the question of standing to sue. Where the party does not rely on

any specific statute authorizing invocation of the judicial process, the question of standing depends on whether the party has alleged * * * a personal stake in the outcome of the controversy.

(Internal quotations omitted.) *Id*. at ¶ 21, quoting *Cleveland v. Shaker Hts.*, 30 Ohio St.3d 49, 51 (1987). Standing is a jurisdictional matter and, therefore, must be established at the time the complaint is filed. *Schwartzwald* at ¶ 24.

{¶8} If, at the commencement of the action, a plaintiff does not have standing to invoke the court's jurisdiction, the "common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance." *Id*. at ¶ 38. "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice." *Id*. at ¶ 40.

{¶9} In light of the Ohio Supreme Court's recent decision, we reverse and remand the case so that the trial court may apply *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017. Accordingly, Parks' assignments of error are not ripe for review, and we decline to address them.

III

{¶10} The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOHN J. GILL, Attorney at Law, for Appellant.

BRADLEY TOMAN, Attorney at Law, for Appellee.