[Cite as *FCDB LBPL 2008-1 Trust v. Remely*, 2013-Ohio-4960.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| FCDB LBPL 2008-1 TRUST, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-G-3098** |
| CELENE REMELY, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 11F000835.

Judgment: Affirmed.

*S. Scott Martin* and *Bill L. Purtell*, Lerner, Sampson & Rothfuss, 120 East Fourth Street, Suite 800, P.O. Box 5480, Cincinnati, OH 45202 (For Plaintiff-Appellee).

*Wendy S. Rosett*, 16781 Chagrin Boulevard, Suite 304, Shaker Heights, OH 44120 (For Defendants-Appellants).


TIMOTHY P. CANNON, P.J.

{¶1} Appellants, Celene and Roger Remely, appeal the judgment of the Geauga County Court of Common Pleas granting appellee, FCDB LBPL 2008-1 Trust's, motion for default judgment. On appeal, this court must determine whether the trial court abused its discretion in denying appellants' motion for leave to file an answer instanter and in granting appellee's motion for default judgment. Based on the following reasons, we affirm the judgment of the trial court.

**{¶2}** Appellee filed a complaint in foreclosure on August 5, 2011, based upon default in payment on a note and mortgage executed by appellants. Service of the summons and complaint was perfected on August 12, 2011. On September 2, 2011, appellants filed a pro se motion for extension of time to file a responsive pleading, as appellants desired to secure legal counsel before filing an answer. The trial court granted appellants an extension until September 30, 2011. On October 31, 2011, appellants, then represented by counsel, filed an answer. This answer was subsequently stricken from the record as it was filed after the September 30, 2011 deadline.

**{¶3}** On December 28, 2011, appellee moved for default judgment. On January 6, 2012, appellants filed a motion for leave to plead instanter. The trial court set both appellants' motion for leave and appellee's motion for default judgment for hearing on March 12, 2012. That entry stated:

> The Plaintiff does not object to the Court's granting of the Defendant's Motion for Leave to File an Answer Instanter so long as the Defendants participate timely and in good faith with a mediation procedure. The Defendants must provide the information necessary for the Plaintiff to make a meaningful decision as to whether or not a negotiated resolution of the matter can be accomplished. This includes completion of its financial packet that it routinely provides homeowners in a work-out situation.

> The Defendants are willing to cooperate and wish to enter into the agreement. Both parties thereupon agreed that the case be referred to mediation and stayed. The stay is conditioned upon the Defendants cooperating with the mediation procedure and providing timely information, as aforesaid. Providing that they do so, the Motion for Leave to File an Answer Instanter will be granted.

**{¶4}** On May 24, 2012, the trial court issued a judgment finding the case not appropriate for mediation, as appellants failed "to cooperate with mediation procedures

2

and [failed] to provide information." The trial court denied appellants' request for mediation and leave to file an answer.

{¶5}   Subsequently, the trial court issued a judgment on June 4, 2012, granting appellants 21 days to respond to appellee's motion for default judgment. That order indicated the court may enter an order without an oral hearing.

{¶6}   On June 26, 2012, appellants filed a "motion for leave to file a brief in opposition to plaintiff's motion for default, instanter." The trial court granted appellants' motion. In that brief, appellants argued that although an answer had not been formally filed, they had not "failed to plead or otherwise defend," and therefore, a default judgment was not appropriate.

{¶7}   The trial court granted appellee's motion for default judgment. In its July 16, 2012 judgment entry, the trial court outlined the history of the instant case noting that appellants had not filed a timely answer despite being granted an extension. The trial court indicated that both appellee's motion for default judgment and appellants' motion for leave to plead were heard on March 12, 2012. "On the same day the Court entered an order which premised the granting of leave to answer upon Defendant 'cooperating with the mediation procedure and providing timely information.'" Yet, appellants failed to cooperate with the mediation process, as verified by the affidavit of Christopher Horn, the Geauga County Common Pleas Court Foreclosure Mediator. Consequently, the trial court granted appellee's motion for default judgment.

{¶8}   The matter was stayed pending appeal.

{¶9}   On appeal, appellants assign the following errors:

[1.] The trial court erred to the prejudice of Appellants and abused its discretion by denying Appellants' Motion for Leave to Plead

3

*Instanter*, striking their Answer from the Record, and granting Default Judgment in favor of Appellee, particularly without the benefit of a full evidentiary hearing.

[2.] The Record is clear and convincing that the trial court erred and abused its discretion by granting Appellee's Motion for Default on the Foreclosure Complaint.

{¶10} We address appellants' assigned errors in a consolidated fashion. Appellants first argue the trial court erred by denying their motion for leave to plead instanter. A trial court is granted discretion in permitting a party to file a pleading outside of the time guidelines as set forth in the Civil Rules. Civ.R. 6(B)(2) allows for an extension of time to file a late pleading within the trial court's discretion "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect."

{¶11} Here, appellants, acting pro se, requested an extension of time to file an answer, which was granted. Therefore, appellants had until September 30, 2011, to answer or otherwise plead. It is undisputed that appellants failed to timely file their answer or responsive pleading. In fact, it was not until October 31, 2011, that appellants, then represented by counsel, attempted to file their answer. At the time of filing, appellants did not file a written motion setting forth grounds of excusable neglect for not filing their answer by the extended deadline of September 30, 2011. Civ.R. 6(B)(2).

{¶12} Thereafter, appellants filed a motion for leave to answer instanter. In that motion, appellants made the conclusory statement that they "can show excusable neglect." Even though appellants failed to set forth any facts indicative of excusable neglect in their motion, the trial court, after a hearing, conditioned the granting of their

4

motion on appellants' cooperation with the mediation process. Appellants voluntarily agreed to cooperate and engage in mediation *as a condition for granting their motion for leave to answer instanter*. As a result, the trial court, as agreed to by the parties, was in a position to monitor the mediation process.

{¶13} As demonstrated by the record, appellants failed to provide timely financial disclosures, despite the trial court's reminder to appellants' attorney that the required financial disclosures had not been received by the court.

{¶14} Based on the circumstances of this case and the fact that a Civ.R. 6(B) determination lies within the trial court's sound discretion, we cannot say the trial court erred in denying appellants' motion for leave to plead instanter. It was within the trial court's discretion to deny the motion, and we find such a conclusion was not an abuse of discretion.

{¶15} Next, appellants argue it was error for the trial court to grant appellee's motion for default judgment without first holding a full evidentiary hearing. The record, however, demonstrates that appellants received both notice and a hearing on appellee's default judgment motion.

{¶16} Here, appellee does not dispute the fact that appellants made an appearance, as contemplated by Civ.R. 55, which provides, in pertinent part:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.

**{¶17}** As appellants made an appearance in the instant action, notice and a hearing were required prior to granting default judgment. Civ.R. 55(A). As evidenced by the trial court's order of January 12, 2012, appellants were advised that a hearing on appellee's motion for default judgment was set for March 12, 2012, at 9:00 a.m. The record further reflects, contrary to appellants' assertion, that a hearing on appellee's default judgment motion took place on said date. Appellants, however, have failed to provide this court with a transcript of those proceedings.

**{¶18}** On appeal, appellants also attack the allegations of appellee's complaint, stating, inter alia, that appellee has failed to assert it was the real party in interest and that appellee does not have standing or has not possessed the required authority, title, interests, and/or rights. Challenges to the substance of a plaintiff's complaint on appeal from a trial court's granting of default judgment are procedurally precluded. "A defendant's right to force a plaintiff to prove his or her claim depends on the defendant's compliance with the Civil Rules and the timely filing of an answer to the complaint. Otherwise, the sanctions for noncompliance would lose their deterrent effect." *Davis v. Immediate Medical Serv., Inc.*, 80 Ohio St.3d 10, 15 (1997).

**{¶19}** Despite appellants' arguments regarding the substance of appellee's complaint, appellee attached to its complaint both the mortgage and the applicable assignments to establish standing to sue. *See Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶38-39. ("Standing is required to invoke the jurisdiction of the common pleas court. * * * Accordingly, a litigant cannot pursuant to Civ.R. 17(A) cure the lack of standing after commencement of the action by

6

obtaining an interest in the subject of the litigation and substituting itself as the real party in interest.")

{¶20} Appellants argued below, and now argue on appeal, that appellee is not the holder of the note and therefore lacks standing. Appellee was required to establish that it is the current holder of the note or mortgage in order to establish itself as the real party in interest. *Federal Home Loan Mtge. Corp. v. Rufo*, 983 N.E.2d 406, 2012-Ohio-5930, ¶18 (11th Dist.).

{¶21} Here, appellee established that it was the holder of the note and mortgage prior to the complaint being filed. *See Schwartzwald*, *supra* (holding that standing is required to present a justiciable controversy and is a jurisdictional requirement). The holder of an instrument is a "person entitled to enforce" the instrument under R.C. 1303.31. R.C. 1301.201(B)(21)(a) defines a holder of a negotiable instrument as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."

{¶22} The note at issue was bearer paper; therefore, "it may be negotiated by transfer of possession alone." R.C. 1303.21(B). Appellee also attached to the complaint copies of the note and mortgage, as well as a copy of the recorded Assignment of Mortgage from Home Savings to appellee, executed July 27, 2009, and recorded three days thereafter.

{¶23} Thus, appellee was presumptively entitled to invoke the jurisdiction of the common pleas court as the real party in interest.

{¶24} Appellants' assignments of error are without merit. The judgment of the Geauga County Court of Common Pleas is hereby affirmed.

7

THOMAS R. WRIGHT, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶25} The trial court conditioned granting appellants' motion for leave to answer instanter upon them cooperating in the mediation process. After the mediator reported appellants' failure to cooperate, the trial court denied appellants' motion for leave to answer instanter. Subsequently the trial court granted appellee's motion for default judgment.

{¶26} In response to Ohio's foreclosure crisis, the General Assembly granted trial courts discretionary power to require parties to a foreclosure to participate in mediation. R.C. 2323.06 provides, "In an action for the foreclosure of a mortgage, the court *may* at any stage in the action require the mortgagor and the mortgagee to participate in mediation * * * [.]" (Emphasis added.) Nowhere in the statute does it state that a court also has the power to require that participants waive confidentiality of the mediation process.

{¶27} The majority implies that by agreeing to the conditions of mediation, appellants waived the confidentiality of mediation communications under R.C. 2710.06. However, the trial court's power to require that parties participate under R.C. 2323.06 necessarily means the parties have no ability to agree or disagree with a mediation order. How is a party to register their disagreement with the *conditions* of mediation when they have no ability to disagree with the decision ordering mediation? The

8

majority decision implies that as parties can be required to participate in mediation, they can also be required to accept additional conditions imposed by a court—including waiver of confidentiality.

{¶28} While R.C. 2323.06 grants trial courts the power to require parties to participate in mediation, R.C. 2710.06(A) specifically prohibits a mediator from making "a report, assessment, evaluation, recommendation, finding, or other communication regarding mediation to a court * * *." And R.C. 2710.06(C) states that communications made in violation of division (A) "shall not be considered by a court * * *." The statutory language regarding waiver of mediation privilege is contained in R.C. 2710.04. Specifically, R.C. 2710.04(A) states that the privilege "* * * may be waived in a record or orally during a proceeding if it is *expressly* waived * * *." (Emphasis added.) As a general rule, specific statutes prevail over general statutes. R.C. 1.51; *State ex rel. Slagle v. Rogers,* 103 Ohio St.3d 89, 2004-Ohio-4354, ¶14.

{¶29} The March 12, 2012 order of the trial court outlines that if appellants cooperated with the mediation procedures and provided timely information, that the motion for leave to answer instanter would be granted. What this order does not contain is any record of an express waiver of confidentiality by any party.

{¶30} The Ohio General Assembly adopted the Uniform Mediation Act in R.C. Chapter 2710. R.C. 2710.02(A)(1) states that the provisions of the act are applicable to situations in which the parties to a civil action have been either referred to mediation by a court order or required to engage in mediation by a court rule.

{¶31} In addition to setting forth provisions governing whether communications made during the mediation process are privileged, R.C. Chapter 2710 delineates rules

9

which expressly limit the substance of a mediator's report. Specifically, R.C. 2710.06(A) prohibits a mediator from making "a report, assessment, evaluation, recommendation, finding, or other communication regarding a mediation" to the court that may ultimately have to dispose of the underlying dispute in the case. In regard to possible items which may be discussed in a mediator's report, subsection (B) of that statute provides:

{¶32} "(B) A mediator may disclose any of the following:

{¶33} "(1) Whether the mediation occurred or has terminated, whether a settlement was reached, and attendance."

{¶34} In applying this provision, this court has consistently held that the statute does not permit a mediator to inform the trial court of the behavior of a party during the course of a mediation. *JPMorgan Chase Bank, N.A. v. Hunter*, 11th Dist. Portage No. 2011-P-0063, 2012-Ohio-5222, ¶20; *Anthony v. Andrews*, 11th Dist. Portage No. 2008-P-0091, 2009-Ohio-6378, ¶5. In *Anthony*, this court reversed the imposition of sanctions, holding that the trial court had erred in basing its decision upon a communication from the mediator. *Id.* at ¶23. In addition to concluding that trial counsel's statement to the mediator was privileged under R.C. 2710.03, this court expressly held that the substance of the statement could not be conveyed to the trial court through a written report from the mediator. *Id.* at ¶22. Citing R.C. 2710.06(C), this court indicated that, while the mediator could disclose to the trial court that the mediation was terminated, he could not disclose the reason why no settlement had been reached. *Id.*

{¶35} The trial court in this matter may have intended that appellants waive confidentiality of the mediation process in order to obtain the benefit of having their

10

motion for leave to answer instanter granted. Regardless, R.C. 2710.04(A) clearly requires that such waiver be made expressly and not inferred from the conduct of the parties. Without an express waiver, the communication from the mediator to the trial court was in violation of the statute.

{¶36} The trial court based its decision to deny appellants' motion for leave to answer instanter on an improper communication from the mediator. The subsequent granting of appellee's motion for default judgment flowed directly from the denial of appellants' motion for leave to answer instanter. I would reverse the granting of the motion for default judgment and remand this matter to the trial court for further proceedings.

{¶37} Thus, I respectfully dissent.

11