**[Cite as *Huntington Natl. Bank v. Clark*, 2014-Ohio-2855.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| HUNTINGTON NATIONAL BANK | C.A. No.     26950 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MELVIN CLARK, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CV2011-10-5825 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2014

MOORE, Presiding Judge.

{¶1}    Defendant-Appellant, Melvin H. Clark, appeals from the May 1, 2013 judgment entry of the Summit County Court of Common Pleas.  We reverse.

I.

{¶2}    On October 14, 2011, Plaintiff-Appellee, Huntington National Bank, filed a complaint against Mr. Clark, and other named defendants, to foreclose on the commercial property known as 767 Turkeyfoot Lake Road, Akron, Ohio 44319 ("767 Turkeyfoot").  In its foreclosure complaint, Huntington National Bank alleged that, in Case No. CV2009-04-2807, the Summit County Court of Common Pleas entered a cognovit judgment in the amount of $1,312,135.90 against Mr. Clark on a commercial guaranty. Based upon that judgment, Huntington National Bank perfected a first priority lien on Mr. Clark's interest in 767 Turkeyfoot.

{¶3} Mr. Clark filed an answer, and the matter was referred to mediation. However, the record indicates that it was unable to be resolved through mediation, and Huntington National Bank filed a motion for summary judgment. Mr. Clark filed a memorandum/supplemental memorandum in opposition to summary judgment, and Huntington National Bank filed a reply brief. The trial court granted summary judgment in favor of Huntington National Bank, and issued a decree of foreclosure.

{¶4} In response, Mr. Clark filed a Civ. R. 60(B)(5) motion for relief from judgment, along with a supporting affidavit. In his affidavit, Mr. Clark attested that (1) a cognovit judgment was taken against him in April of 2009, (2) the cognovit judgment formed the basis for the foreclosure action, and (3) the cognovit judgment was not valid.

{¶5} The trial court denied Mr. Clark's Civ.R. 60(B) motion, thus upholding the foreclosure.

{¶6} Mr. Clark appealed, raising two assignments of error for our consideration. In order to facilitate our discussion, we will first address Mr. Clark's second assignment of error.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED WHEN IT FAILED TO CONCLUDE THAT THE COGNOVIT JUDGMENT ENTERED BY THE SUMMIT COUNTY COURT OF COMMON PLEAS ON APRIL 9, 2009 IS VOID AB INITIO DUE TO HUNTINGTON[] [NATIONAL BANK'S] FAILURE TO FOLLOW THE JURISDICTIONAL REQUIREMENTS FOR A VALID COGNOVIT JUDGMENT AT [R.C. 2323.12] AND 2323.13[.]

{¶7} In *Huntington Natl. Bank v. Clark*, 9th Dist. Summit No. 26883, 2014-Ohio-2629, ¶ 18 ("*Clark I*"), this Court determined that the trial court did not have subject matter jurisdiction to grant cognovit judgment against Mr. Clark because "there is no evidence in the record that Huntington National Bank strictly complied with R.C. 2323.13(A) by producing the

original warrants of attorney at the time it confessed judgment[.]" As such, the underlying Judgment Lien in Case No. CV2009-04-2807, which forms the basis for this foreclosure action, is not valid and Huntington National Bank lacks standing to foreclose Mr. Clark's property interest in 767 Turkeyfoot. *See generally Federal Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017.

{¶8} Therefore, based upon our decision in *Clark I*, we reverse and remand this matter for the trial court to dismiss the foreclosure action.

{¶9} Accordingly, Mr. Clark's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO APPLY THE CORRECT STANDARD OF REVIEW FOR A [CIVIL] RULE 60(B)(5) REQUEST FOR RELIEF FROM A COGNOVIT JUDGMENT[.]

{¶10} Based upon our resolution of Mr. Clark's second assignment of error, his first assignment of error is moot and we decline to address it.

III.

{¶11} In sustaining Mr. Clark's second assignment of error, and deeming his first assignment of error moot, the judgment of the Summit County Court of Common Pleas is reversed and this cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---

CARLA MOORE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

TODD PORTUNE, Attorney at Law, for Appellant.

STEVE SHANDOR, Attorney at Law, for Appellee.