[Cite as *AmeriCredit Fin. Servs. v. Blue*, 2020-Ohio-5513.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

AMERICREDIT FINANCIAL
SERVICES, D.B.A. GM FINANCIAL,

      Plaintiff-Appellee,

      v.

MARIO D. BLUE,

      Defendant-Appellant.

:

:

:

:

:

:

No. 109650

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 3, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-925073

### *Appearances:*

Weltman, Weinberg & Reis, Co., L.P.A., and Daniel A. Friedlander, *for appellee.*

Mario D. Blue, *pro se.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant Mario D. Blue, pro se, appeals the trial court's decision to grant summary judgment in favor of plaintiff-appellee AmeriCredit Financial Services, d.b.a. GM Financial. Upon review, we affirm.

**Background**

{¶ 2} On November 13, 2019, GM Financial filed a complaint for money judgment and motion for possession of personal property (replevin). GM Financial alleged that Blue breached the terms of a retail installment sale contract by failing to make payments and failed to surrender a 2014 Dodge Durango that was pledged as collateral. Both the retail installment sale contract and the certificate of title, which were attached to the complaint, identified AmeriCredit Financial Services, Inc., not GM Financial. Blue, acting pro se, filed a motion titled "objection to replevin demand dismissal" in which he claimed the action should be dismissed because GM Financial was not identified in the retail installment sale contract. In opposing the dismissal, GM Financial asserted that it is the real party in interest because GM Financial is a registered trade name of AmeriCredit Financial Services, Inc.

{¶ 3} After further objection by Blue, the trial court granted GM Financial's motion for leave to file an amended complaint instanter. The amended complaint for money judgment and replevin named "AmeriCredit Financial Services, d.b.a. GM Financial" as the plaintiff in the action. GM Financial filed documents reflecting that GM Financial is in fact a registered trade name of AmeriCredit Financial Services, Inc.

{¶ 4} On December 19, 2019, the trial court granted GM Financial's motion for possession of personal property (replevin). Thereafter, GM Financial filed a motion for summary judgment with supporting affidavits and documents. The

evidence reflects that Blue breached the terms of the retail installment sale contract and was in default by failing to make payments. The evidence also established the amount due and owing. The motion for summary judgment was opposed by Blue.

{¶ 5} On March 24, 2020, the trial court granted the motion for summary judgment and rendered judgment in favor of AmeriCredit Financial Services, d.b.a. GM Financial in the principal sum of $17,308.50, plus late charges in the amount of $71.68, plus accrued interest in the amount of $1,306.73 through December 10, 2019, with interest thereafter on the principal balance at the rate of 11.58 percent per annum, and court costs. The trial court also found the plaintiff was entitled to permanent possession of the described collateral. Blue timely filed this appeal.

**Law and Analysis**

{¶ 6} Under his sole assignment of error, Blue argues the trial court abused its discretion, deprived him of due process, and failed to follow contract law. He argues the retail installment sale contract was entered with Ganley Chrysler Jeep Dodge, Inc., and AmeriCredit Financial Services and the contract does not identify GM Financial. Because GM Financial's identity, as a wholly owned subsidiary of AmeriCredit Financial Services was not disclosed at the time the contract was entered into, Blue argues that a valid contract was not entered into, that GM Financial lacks standing in this matter, that all of the claims should have been dismissed, and that the trial court's judgment "violates standing contract law of conducting business in different tradenames and not disclosing this mandatory information to their customers at the time of signing or in writing."

{¶ 7} An appellate court reviews a trial court's grant of summary judgment de novo. *Argabrite v. Neer*, 149 Ohio St.3d 349, 2016-Ohio-8374, 75 N.E.3d 161, ¶ 14. Also, whether a party has standing to sue is a question of law that we review de novo. *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 20, citing *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 23.

{¶ 8} "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 41. R.C. 1329.10(B) prohibits a person from commencing an action in a trade name or fictitious name until it has complied with R.C. 1329.01, which provides the procedure to register a trade name with the Ohio secretary of state. "[U]pon compliance, such an action may be commenced or maintained on any contracts and transactions entered into prior to compliance." R.C. 1329.10(B). A "trade name" is "a name used in business or trade to designate the business or the user and to which the user asserts a right to exclusive use." R.C. 1329.01.

{¶ 9} In this action, the plaintiff filed the registration document and the state of Ohio certificates establishing that GM Financial is a registered trade name of AmeriCredit Financial Services, Inc. The record shows that AmeriCredit Financial Services, Inc., was doing business under the registered trade name GM

Financial and that Blue's loan was maintained by GM Financial. Therefore, the plaintiff had standing to file suit.

{¶ 10} Nonetheless, we recognize that AmeriCredit Financial Services was the entity named in the contract and that the plaintiff in the initial complaint was characterized by its trade name GM Financial. We certainly understand that Blue was unaware of the relationship between AmeriCredit Financial Services and GM Financial at the time he entered into the retail installment sale contract. However, contrary to Blue's argument, the record reflects that Blue entered into a valid and enforceable contract. The plaintiff was permitted to amend the complaint and corrected the caption to name AmeriCredit Financial Services, d.b.a. GM Financial as the plaintiff in the action.

{¶ 11} We find that the naming of the plaintiff by its registered trade name in the initial complaint did not deprive the trial court of jurisdiction in this matter, that the plaintiff had standing to file suit, and that the amended complaint corrected any error in the captioning of the complaint. Further, the record reflects that Blue breached the terms of the contract and defaulted on his payments, and the record also supports the amount awarded. Therefore, we affirm the trial court's judgment, which was entered in favor of AmeriCredit Financial Services, d.b.a. GM Financial. Blue's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
EILEEN A. GALLAGHER, J., CONCUR