[Cite as *Interface Fin. Group, Inc. v. Margagliotti*, 2012-Ohio-3666.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

INTERFACE FINANCIAL GROUP

    Appellee

v.

JOSEPH MARGAGLIOTTI, et al.

    Appellant

C.A. No.     26217

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010 10 7237

DECISION AND JOURNAL ENTRY

Dated: August 15, 2012

---

BELFANCE, Judge.

{¶1} Joseph Margagliotti, dba Artech Construction, Inc., appeals from the trial court's award of summary judgment to Interface Financial Group, Inc. ("IFG"). For the reasons set forth below, we reverse.

I.

{¶2} Mr. Margagliotti was a subcontractor on a project to build a fire station. He hired Gempel Masonry, Inc. to perform some of the masonry work. Gempel sold its right to collect the money owed to it by Mr. Margagliotti to IFG and issued a notice to Mr. Margagliotti that it had assigned the note to IFG.

{¶3} IFG subsequently filed a complaint against Mr. Margagliotti, alleging that he had failed to pay the $79,936.50 owed to it. IFG also named Gempel in its complaint, but Gempel never appeared in this action and default judgment was entered against it. Additionally,

IFG sought a prejudgment attachment on funds owed to Gempel by the primary contractor on the firehouse project.

{¶4} Following discovery, all remaining parties moved for summary judgment. The trial court granted summary judgment to the primary contractor. It also awarded summary judgment to IFG against Mr. Margagliotti, determining that Mr. Margagliotti had received proper notice under R.C. 1309.406 of the assignment of his account to IFG and, therefore, had been obligated to pay them instead of Gempel. Mr. Margagliotti has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY GRANTING PLAINTIFF-APPELLEE THE INTERFACE FINANCIAL GROUP'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT-APPELLANT JOSEPH MARGAGLIOTTI, D/B/A ARTECH CONSTRUCTION, INC.'S MOTION FOR SUMMARY JUDGMENT.

{¶5} Mr. Margagliotti argues that the trial court erred in awarding summary judgment to IFG and that it should have granted his motion for summary judgment because IFG failed to comply with the requirements of R.C. 1309.406(C).

{¶6} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. No. 25427, 2011–Ohio–1519, ¶ 8.

{¶7} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from

the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E).

{¶8} R.C. 1309.406(A) provides that:

[s]ubject to divisions (B) to (I) of this section, an account debtor on an account, chattel paper, or payment intangible may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee. After receipt of the notification, the account debtor may discharge its obligation by paying the assignee and may not discharge the obligation by paying the assignor.

Pertinent to this case is the exception set forth in R.C. 1309.406(C), which provides that, "if requested by the account debtor, an assignee shall seasonably furnish reasonable proof that the assignment has been made. Unless the assignee complies, the account debtor may discharge its obligation by paying the assignor, *even if* the account debtor has received a notification under division (A) of this section." (Emphasis added.).

{¶9} It is undisputed that Mr. Margagliotti received notification of the assignment from Gempel. However, he averred that he sent a request for reasonable proof to IFG and, never receiving proof, continued to pay Gempel. IFG does not dispute that it did not furnish reasonable proof to Mr. Margagliotti, instead arguing that it was not required to because the notification from Gempel set forth all of the required information to satisfy the statute. *See First*

*Bank of Marietta v. Roslovic & Partners, Inc.*, 86 Ohio St.3d 116, 118-119 (1999) (A notification is sufficient under the statute when it contains "(1) an indication that the account has been assigned, (2) a specific direction that the payment is to be made to the assignee rather than the assignor, and (3) a reasonable identification of the rights assigned.").

{¶10} When interpreting a statute, a court must first determine if the statute is clear and unambigious, and, if it is, "it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom." (Internal quotations and citations omitted.) *Estate of Heintzelman v. Air Experts, Inc.*, 126 Ohio St.3d 138, 2010-Ohio-3264, ¶ 15. By its clear and unambiguous terms, R.C. 1309.406(A) is "[s]ubject to" R.C. 1309.406(C), which requires the assignee to furnish reasonable proof to the debtor upon request. Until the assignee furnishes reasonable proof, the debtor may continue paying assignor "*even if* the account debtor has received a notification * * *." (Emphasis added.) R.C. 1309.406(C). This exception in R.C. 1309.406(C) is not qualified by any language that would suggest that the debtor could not invoke it even if the original notification was sufficient to constitute reasonable proof, and courts have admonished debtors for not invoking the right to request reasonable proof from the assignee. *See, e.g., IIG Capital LLC v. Archipelago, L.L.C.*, 829 N.Y.S.2d 10, 12 (N.Y. App.2007) ("[I]f defendants or their employees had any doubt as to the import of the assignment notices and invoices they signed for, the UCC provides a mechanism whereby the account debtor may require that the assignee 'furnish reasonable proof that the assignment has been made * * *.'"). Furthermore, the current version of R.C. 1309.406 separates the requirement of notification and the assignee's obligation to provide reasonable proof of the assignment at the debtor's request, making the assignee's obligation more pronounced than in former R.C. 1309.37.

{¶11} IFG argues that the Supreme Court of Ohio's decision in *Roslovic*, which involved interpreting former R.C. 1309.37, the precursor to R.C. 1309.406, requires a different result. However, while *Roslovic* held that a debtor must pay the assignee after receiving sufficient notice, nothing in the facts indicated that the debtor requested proof from the assignee as allowed under former R.C. 1309.37(C). Thus, the *Roslovic* court was not faced with the factual scenario present in this case.

{¶12} It is undisputed that IFG never furnished proof of the assignment to Mr. Margagliotti, though IFG's owner Ed Nowlin denied that Mr. Margagliotti ever requested proof. However, Mr. Margagliotti averred that he did request proof of the assignment from IFG. Thus, there is a genuine issue of material fact whether Mr. Margagliotti invoked R.C. 1309.406(C) and, therefore, was entitled to continue to discharge his debt by paying Gempel. Accordingly, neither party was entitled to summary judgment.

{¶13} We note that IFG argues that, even assuming Mr. Margagliotti was entitled to continue discharging his debt by paying Gempel, there was no evidence that he had done so and, therefore, it is entitled to summary judgment on that basis. However, the trial court, having determined that the notification from Gempel had satisfied IFG's duty under R.C. 1309.406(C), did not reach the question of whether Mr. Margagliotti had discharged his debt, and this Court will not decide the question in the first instance. *Neura v. Goodwill*, 9th Dist. No. 11CA0052-M, 2012-Ohio-2351, ¶ 19.

### III.

{¶14} Mr. Margagliotti's assignment of error is sustained in part and overruled in part. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

HANSEL H. RHEE, STEVEN D. FORRY, and ERIK STOCK, Attorneys at Law, for Appellant.

JAY E. KRASOVEC, Attorney at Law, for Appellant.

T. CHRISTOPHER O'CONNELL and MICHAEL R. STAVNICKY, Attorneys at Law, for Appellee.