[Cite as *JPMorgan Chase Bank, N.A. v. Byrd*, 2013-Ohio-2076.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| CHASE HOME FINANCE LLC | C.A. No.     26571 |
|     Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No.     CV 2010 10 06926 |
| ERIC D. BYRD aka ERIC BYRD and DENISE BYRD, et al. | |
|     Appellants | |

DECISION AND JOURNAL ENTRY

Dated: May 22, 2013

MOORE, Presiding Judge.

{¶1} Defendants-Appellants, Eric and Denise Byrd ("the Byrds"), appeal from the July 5, 2012 judgment entry of the Summit County Court of Common Pleas. This Court reverses.

I.

{¶2} Plaintiff-Appellee, Chase Home Finance, LLC, filed a complaint in foreclosure against the Byrds alleging that they defaulted upon their mortgage note and owed $45,086.41, plus interest at the rate of 7.750% per year from August 1, 2009. In addition, Chase Home Finance, LLC attached to its complaint copies of three assignments of the Byrds' mortgage evidencing transfers from: (1) Country Home Mortgage to Flagstar Bank, FSB, (2) Flagstar Bank, FSB to Federal National Mortgage Association, in care of, Chase Mortgage Company, and (3) Federal National Mortgage Association to Chase Home Finance, LLC. The assignments of the Byrds' mortgage were notarized and recorded with the Summit County Auditor.

{¶3}    The Byrds filed an answer in which they denied the allegations in Chase Home Finance, LLC's complaint, and raised the affirmative defense of whether Chase Home Finance, LLC had standing to sue.

{¶4}    Chase Home Finance, LLC then filed a motion to substitute the party plaintiff due to a corporate merger with JPMorgan Chase Bank, N.A.  In its motion, Chase Home Finance, LLC asserted that JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance, LLC, is the current holder of the note and mortgage which are the subject of this foreclosure action.  Chase Home Finance, LLC attached a notarized and recorded copy of the assignment of the Byrds' mortgage from Federal National Mortgage Association to Chase Home Finance, LLC, as well as a copy of the certificate of merger between Chase Home Finance, LLC and JPMorgan Chase Bank, N.A. The trial court granted Chase Home Finance, LLC's motion and substituted JPMorgan Chase Bank, N.A. as the party plaintiff.

{¶5}    JPMorgan Chase Bank, N.A. filed a motion for summary judgment arguing that there are no genuine issues of material fact for trial because the Byrds' answer is a general denial of the allegations set forth in the foreclosure complaint and the Byrds' affirmative defenses all generally allege legal doctrines without any supporting operative facts.

{¶6}    The Byrds filed a motion to compel discovery and a brief in opposition to JPMorgan Chase Bank, N.A.'s motion for summary judgment.  In their brief, the Byrds contended that genuine issues of material fact existed as to whether the substitute plaintiff had standing since it was not the original mortgagee in this case.  Specifically, the Byrds contended that JPMorgan Chase Bank, N.A. provided no merger documents with its affidavit in support of its motion for summary judgment.

**{¶7}**    In response, JPMorgan Chase Bank, N.A. filed a motion to strike the Byrds' motion to compel claiming that, because it had already responded to the discovery requests, the motion to compel was moot.  Additionally, JPMorgan Chase Bank, N.A. filed a memorandum in support of its motion for summary judgment pointing out that, based upon its motion to substitute and supporting documentation of the merger, the trial court had issued an order acknowledging that "JPMorgan Chase Bank, N.A. successor by merger to Chase Home Finance, LLC is the current assignee of the subject Note and Mortgage and is therefore the real party plaintiff in interest herein."  As such, JPMorgan Chase Bank, N.A. argued that it was the real party in interest and had standing to pursue the foreclosure action.

**{¶8}**    The trial court granted the Byrds' motion to compel and JPMorgan Chase Bank, N.A. provided supplemental responses to discovery, which included a copy of a limited power of attorney authorizing Chase Manhattan Mortgage Corporation to assign the Byrds' mortgage as Attorney-In-Fact for Federal National Mortgage Association.  The corresponding assignment of the Byrds' mortgage indicates that Federal National Mortgage Association assigned the mortgage to Chase Home Finance, LLC, as follows:  Chase Home Finance, LLC, *successor by merger to* Chase Manhattan Mortgage Corporation, as Attorney-In-Fact for Federal National Mortgage Association.  We note that documentation of the merger between Chase Manhattan Mortgage Corporation and Chase Home Finance, LLC, is not in the record.

**{¶9}**    The Byrds then filed a supplemental brief in opposition to JPMorgan Chase Bank, N.A.'s motion for summary judgment.  In their supplemental brief, the Byrds attacked the effectiveness of the limited power of attorney from Federal National Mortgage Association to Chase Manhattan Mortgage Corporation, claiming that paragraph 8 of the document only allows Chase to assign the mortgage to (1) the Federal Housing Administration, (2) the Department of

Housing and Urban Development, (3) the Department of Veterans Affairs, (4) the Rural Housing Service, (5) a state or private mortgage insurer, or (6) Mortgage Electronic Registration System.

{¶10} The trial court granted JPMorgan Chase, N.A.'s motion for summary judgment, stating:

> The Court finds that the Byrds do not challenge the assignments up to the point that Chase Bank obtained the assignment. The Court further finds that [] [JPMorgan Chase Bank, N.A.] is the successor by merger and as stated in the Court's May 27, 2011 Order, [JPMorgan Chase Bank, N.A.] "is the current assignee of the subject Note and Mortgage and is the real party in interest." The Court finds that the Byrds fail to present a genuine issue of material fact on the issue of standing.

The trial court then journalized an entry granting JPMorgan Chase, N.A. a decree in foreclosure.

{¶11} The Byrds appealed, raising one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN JPMORGAN CHASE BANK, N.A.'S FAVOR AS THERE WAS A GENUINE ISSUE REGARDING WHETHER [JPMORGAN CHASE BANK, N.A.] HAD STANDING AND [JPMORGAN CHASE BANK, N.A.] WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

{¶12} In their sole assignment of error, the Byrds argue that the trial court erred in granting JPMorgan Chase Bank, N.A.'s motion for summary judgment because a genuine issue of material fact existed as to whether JPMorgan Chase Bank, N.A. had standing to pursue the foreclosure action. Specifically, the Byrds argue that JPMorgan Chase Bank, N.A.'s affidavit in support of its motion does not "reference or incorporate the power of attorney or merger documents involving its predecessors in interest."

{¶13} In response, JPMorgan Chase Bank, N.A. contends that no genuine issue of material fact existed because the uncontroverted evidence showed that: (1) the Byrds executed

and delivered the note and mortgage that were assigned to JPMorgan Chase Bank, N.A., (2) the mortgage and assignments were validly recorded, (3) the Byrds defaulted on their mortgage payments, and (4) the Byrds still owe $45,086.41, plus interest at a rate of 7.75% per year, on the mortgage note. Further, JPMorgan Chase Bank, N.A. contends that the Byrds' argument regarding the Bank's standing to file the foreclosure action fails as a matter of law because: (1) the Byrds lack capacity to challenge the validity of the assignment from Federal National Mortgage Association to Chase Home Finance, LLC, (2) the Byrds have not provided any evidence showing that the assignment to Chase Home Finance, LLC was invalid, and (3) the Byrds provided the trial court with a copy of the limited power of attorney authorizing Chase to assign the mortgage.

{¶14} An appellate court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). It applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in the favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). Specifically, the moving party must support its motion by pointing to some evidence in the record indicated in Civ.R. 56(C). *Id.* Once this burden is satisfied, the non-

moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id*. at 293; Civ.R. 56(E).

{¶15} Civ.R. 56(C) provides that, in reviewing a motion for summary judgment, the court should review "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Further, when affidavits are submitted in support of or in opposition to motions for summary judgment, Civ.R. 56(E) provides that the affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

{¶16} In the present matter, JPMorgan Chase Bank, N.A. submitted the following evidence in support of its motion for summary judgment: (1) the affidavit of Rachit Soni, Vice President of JPMorgan Chase Bank, N.A., authenticating the Bank's business records as to the Byrds' note and mortgage, (2) a copy of the signed note, (3) a copy of the signed mortgage, (4) a copy of the recorded assignments, and (5) notice of default and acceleration to the Byrds advising that they must bring their loan current within thirty-two (32) days from the date of the notice in order to avoid acceleration of their mortgage note.

{¶17} Additionally, in support of their supplemental brief in opposition, the Byrds attached JPMorgan Chase Bank, N.A.'s supplemental discovery responses, including a copy of the limited power of attorney from the Federal National Mortgage Association to Chase Manhattan Mortgage Corporation.

{¶18} In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, the Supreme Court of Ohio recently held that a plaintiff must have a valid assignment of

the mortgage at the time of the filing of the complaint. "The Ohio Constitution provides in Article IV, Section 4(B): 'The courts of common pleas and divisions thereof shall have such original jurisdiction *over all justiciable matters* and such powers of review of proceedings of administrative officers and agencies as may be provided by law.'" (Emphasis sic.) *Schwartzwald* at ¶ 20.

> Whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy is what has traditionally been referred to as the question of standing to sue. Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends on whether the party has alleged * * * a personal stake in the outcome of the controversy.

(Internal quotations omitted.) *Id.* at ¶ 21, quoting *Cleveland v. Shaker Hts.*, 30 Ohio St.3d 49, 51 (1987). Standing is a jurisdictional matter and, therefore, must be established at the time the complaint is filed. *Schwartzwald* at ¶ 24.

{¶19} At the commencement of an action, if a plaintiff does not have standing to invoke the court's jurisdiction, the "common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance." *Id.* at ¶ 38. "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice." *Id.* at ¶ 40.

{¶20} Here, JPMorgan Chase Bank, N.A. provided copies of all three assignments of the Byrds' mortgage, as well as a copy of a limited power of attorney authorizing Chase Manhattan Mortgage Corporation to act as Attorney-In-Fact for Federal National Mortgage Corporation. Additionally, the bank provided proof of the merger between Chase Home Finance, LLC, and JPMorgan Chase Bank, N.A. However, JPMorgan Chase Bank, N.A. did not provide documentation of the original merger between Chase Manhattan Mortgage Corporation and

Chase Home Finance, LLC, as referenced in the assignment from Federal National Mortgage Corporation to Chase Home Finance, LLC. As stated above, the assignment between Federal National Mortgage Corporation and Chase Home Finance, LLC, indicates that Chase Home Finance, LLC assigned the Byrds' mortgage to itself as both (1) successor by merger to Chase Manhattan Mortgage Corporation, and (2) Attorney-In-Fact to Federal National Mortgage Corporation.

{¶21} In light of the Supreme Court of Ohio's recent decision, we reverse and remand this matter so that the trial court may apply *Schwartzwald* to the facts of this case in order to determine whether Chase Home Finance, LLC had standing when it filed its complaint.

III.

{¶22} In sustaining the Byrds' sole assignment of error, the judgment of the Summit County Court of Common Pleas is reversed, and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CARLA MOORE
FOR THE COURT

HENSAL, J.
CONCURS.

BELFANCE, J.
CONCURRING.

{¶23} I concur. JPMorgan Chase Bank has not demonstrated that Chase Home Finance, LLC had standing to invoke the court's jurisdiction in this case. Specifically, there is no indication that Chase Home Finance, LLC was the attorney-in-fact for the Federal National Mortgage Corporation because nothing in the record supports the conclusion that it is a successor by merger to Chase Manhattan Mortgage Corporation, which was the entity granted attorney-in-fact status by the Federal National Mortgage Corporation. Therefore, it is impossible to conclude that Chase Home Finance had the authority under the attorney-in-fact agreement to transfer the note and the mortgage to itself. If it lacked the authority to make that transfer, it was not the holder of the note and mortgage in this case and, thus, would have lacked standing to initiate the suit.

{¶24} I also note that the Byrds have argued that the attorney-in-fact agreement did not give the attorney-in-fact, whether Chase Home Finance or not, the authority to transfer the note and the mortgage to itself. The Byrds raised this issue below, but the trial court never ruled on the issue, instead apparently considering the issue moot because it believed that the Byrds were not challenging the assignments prior to Chase Home Finance filing the complaint. However, given the uncertainty surrounding Chase Home Finance's status, this question is not ripe for review. Furthermore, given that the trial court did not reach this issue, it is appropriate for it to resolve the issue in the first instance. *See Interface Fin. Group, Inc. v. Margagliotti*, 9th Dist. No. 26217, 2012-Ohio-3666, ¶ 13.

APPEARANCES:

JULIUS P. AMOURGIS, Attorney at Law, for Appellants.

THOMAS WYATT PALMER, Attorney at Law, for Appellee.

LAURA A. HAUSER, Attorney at Law, for Appellee.