[Cite as *Flagstar Bank, FSB v. Harvey*, 2013-Ohio-2666.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

FLAGSTAR BANK, FSB

    Appellee

    v.

JIBAU HARVEY, et al.

    Appellant

C.A. No.    26594

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011 01 0243

DECISION AND JOURNAL ENTRY

Dated: June 26, 2013

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, Jibau Harvey, appeals from the July 20, 2012 and August 8, 2012 judgment entries of the Summit County Court of Common Pleas. This Court reverses.

I.

{¶2} In January of 2011, Flagstar Bank, FSB filed a complaint in foreclosure against Mr. Harvey alleging that he defaulted upon his mortgage note and owed $108,639.63, plus interest at 5.50% per year from January 1, 2010. In addition, Flagstar Bank, FSB attached to its complaint copies of the (1) note, (2) mortgage, (3) December 8, 2010 assignment of the mortgage from Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Flagstar Bank, FSB, a Federally Chartered Savings Bank, to Flagstar Bank, FSB, and (4) preliminary judicial report.

{¶3} Mr. Harvey filed a motion to dismiss the bank's complaint alleging that Flagstar Bank, FSB lacked standing to file this lawsuit, and that Flagstar Bank, FSB failed to join a

necessary party. In support of his motion, Mr. Harvey attached copies of three assignments of the mortgage evidencing transfers from: (1) Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Flagstar Bank, FSB, A Federally Chartered Savings Bank, to Flagstar Bank, FSB, dated December 8, 2010, (2) Flagstar Bank, FSB to the Secretary of Housing and Urban Development, dated April 8, 2011, and (3) the Secretary of Housing and Urban Development to DKR Mortgage Asset Trust I, dated May 9, 2011.

{¶4} Flagstar Bank, FSB then filed a motion to substitute the party plaintiff from Flagstar Bank, FSB to DKR Mortgage Asset Trust I. In its motion, Flagstar Bank, FSB asserted that, based upon its attached documents, DKR Asset Trust I is the proper party plaintiff in this matter. The attached documents include a copy of the note showing the original "lender" as Flagstar Bank, FSB, A Federally Chartered Savings Bank, endorsed to HUD then to DKR Asset Trust I, and subsequent assignments of the mortgage from Flagstar Bank, FSB, to the Secretary of Housing and Urban Development, and from the Secretary of Housing and Urban Development to DKR Mortgage Asset Trust I.

{¶5} The trial court granted Flagstar Bank, FSB's motion to substitute DKR Mortgage Asset Trust I as the party plaintiff and denied Mr. Harvey's motion to dismiss. Mr. Harvey then filed an answer generally denying the allegations in Flagstar Bank, FSB's complaint.

{¶6} DKR Mortgage Asset Trust I filed a motion for summary judgment arguing that there are no genuine issues of material fact for trial because Mr. Harvey's general denial and undemonstrated defenses alone cannot overcome summary judgment. At the same time, it filed the affidavit of Annette Torres, who is purportedly employed by the "plaintiff" in this matter as servicer of Mr. Harvey's account.

{¶7} In response, Mr. Harvey jointly filed (1) a reply to DKR Mortgage Asset Trust I's motion for summary judgment and (2) a renewed motion to dismiss. Mr. Harvey asserted that: (1) all of the pleadings filed on DKR Mortgage Asset Trust I's behalf continue to be filed under Flagstar Bank, FSB's name, (2) it is unclear who the real party in interest is because all negotiations and mediations were handled by Kondaur Capital Corporation, (3) DKR Mortgage Asset Trust I did not meet its evidentiary burden entitling it to judgment as a matter of law, and (4) it would be inequitable, under the circumstances, to foreclose upon the property.

{¶8} DKR Mortgage Asset Trust I filed a "sur-reply" stating, among other things, that, in support of its motion for substitution of the party plaintiff, it attached a copy of the note endorsed to DKR Mortgage Asset Trust I, as well as the assignment of the mortgage from the Secretary of Housing and Urban Development to DKR Mortgage Asset Trust I. DKR Mortgage Asset Trust I also attached a copy of a limited power of attorney, dated April 28, 2011, naming Kondaur Capital Corporation as its attorney-in-fact.

{¶9} The trial court denied Mr. Harvey's renewed motion to dismiss, and granted DKR Mortgage Asset Trust I's motion for summary judgment. The trial court also issued a foreclosure decree and ordered that the property be sold.

{¶10} Mr. Harvey appealed, raising three assignments of error for our consideration. Because it is dispositive of this appeal, we will now address Mr. Harvey's second assignment of error.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT LACKED JURISDICTION TO ENTER JUDGMENT IN THIS CASE, AS THE CASE WAS NOT LITIGATED BY THE REAL PARTY IN INTEREST[.]

{¶11} In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 3, the Supreme Court of Ohio stated that "receiving an assignment of a promissory note and mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action." "The Ohio Constitution provides in Article IV, Section 4(B): 'The courts of common pleas and divisions thereof shall have such original jurisdiction *over all justiciable matters* and such powers of review of proceedings of administrative officers and agencies as may be provided by law.'" (Emphasis sic.) *Id*. at ¶ 20.

> Whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy is what has traditionally been referred to as the question of standing to sue. Where the party does not rely on any specific statute authorizing invocation of the judicial process, the question of standing depends on whether the party has alleged * * * a personal stake in the outcome of the controversy.

(Internal quotations omitted.) *Id*. at ¶ 21, quoting *Cleveland v. Shaker Hts.*, 30 Ohio St.3d 49, 51 (1987). Standing is a jurisdictional matter and, therefore, must be established at the time the complaint is filed. *Schwartzwald* at ¶ 24.

{¶12} At the commencement of an action, if a plaintiff does not have standing to invoke the court's jurisdiction, the "common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance." *Id*. at ¶ 38. "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice." *Id*. at ¶ 40.

{¶13} Here, attached to its complaint, Flagstar Bank, FSB provided a copy of the original note wherein Mr. Harvey promised to pay *Flagstar Bank, FSB, A Federally Chartered*

*Savings Bank*, $109,615.00, plus interest at the rate of 5.50% per year, until the amount is paid. Flagstar Bank, FSB also provided a copy of the original mortgage between Mr. Harvey and Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Flagstar Bank, FSB, A Federally Chartered Savings Bank. Further, Flagstar Bank, FSB provided a copy of an assignment of the mortgage from Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Flagstar Bank, FSB, A Federally Chartered Savings Bank, to Flagstar Bank, FSB.

{¶14} It appears from the assignment of the mortgage from Flagstar Bank, FSB, A Federally Chartered Savings Bank, to Flagstar Bank, FSB, that these are two separate and distinct entities. However, the record is devoid of any proof that the note was ever endorsed to Flagstar Bank, FSB, from Flagstar Bank FSB, A Federally Charted Savings Bank. Therefore, a question arises as to whether Flagstar Bank, FSB was actually the holder of the note at the time it filed its complaint.

{¶15} In light of the Supreme Court of Ohio's recent decision, we reverse and remand this matter so that the trial court may apply *Schwartzwald* to the facts of this case in order to determine whether Flagstar Bank, FSB had standing when it filed its complaint.

{¶16} Mr. Harvey's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED JUDGMENT IN FAVOR OF A PLAINTIFF AND SUBSEQUENTLY ORDER[ED] THE PROPERTY TO BE SOLD WHEN [] [IT IS] QUESTIONABLE WHO THE PLAINTIFF IS, WHETHER THE PLAINTIFF IS NOT THE REAL PARTY IN INTEREST, OR WHETHER THE REAL PARTY IN INTEREST EVER [LITIGATED] THE CASE[.]

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF [DKR MORTGAGE ASSET TRUST I] AND ORDERED THAT THE PROPERTY BE SOLD WHEN [DKR MORTGAGE ASSET TRUST I] FAILED TO MEET ITS BURDEN OF PROOF UNDER CIV.R. 56[.]

**{¶17}** Based upon our resolution of Mr. Harvey's second assignment of error, his first and third assignments of error are not yet ripe for review.

III.

**{¶18}** In sustaining Mr. Harvey's second assignment of error, the judgment of the Summit County Court of Common Pleas is reversed, and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____

CARLA MOORE
FOR THE COURT

BELFANCE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

KANI HARVEY HIGHTOWER, Attorney at Law, for Appellant.

AUSTIN B. BARNES, Attorney at Law, for Appellee.