[Cite as *Scalise v. Helms*, 2013-Ohio-4678.]

STATE OF OHIO             )            IN THE COURT OF APPEALS
                          )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT          )

KRISTEN M. SCALISE, AS FISCAL          C.A. No.      26901
OFFICE OF SUMMIT COUNTY, OHIO

      Appellee

      v.                                   APPEAL FROM JUDGMENT
                                       ENTERED IN THE
                                       COURT OF COMMON PLEAS
JOEL A. HELMS, et al.                  COUNTY OF SUMMIT, OHIO
                                       CASE No.     CV 2012-06-3654

      Appellant

DECISION AND JOURNAL ENTRY

Dated: October 23, 2013

WHITMORE, Judge.

{¶1}    Defendant-Appellant, Joel Helms, appeals from the judgment of foreclosure in the Summit County Court of Common Pleas. This Court dismisses for a lack of a final, appealable order.

I

{¶2}    The Summit County Fiscal Officer ("the County") filed a foreclosure complaint against Helms for unpaid delinquent property taxes on a vacant lot on Laird Street in Akron, Ohio. The County joined several other defendants that had liens on the property.[1] Ultimately, the County filed a motion for summary judgment, which Helms opposed. On March 29, 2013, the court entered a judgment of foreclosure and ordered the property to be sold.

{¶3}    Helms now appeals and raises one assignment of error for our review.

---

[1] Although several of the other defendants filed answers to the complaint, none are a party to this appeal. We limit the opinion to the relevant portions of the record.

II

Assignment of Error

THE TRIAL JUDGE SUMMARY JUDGMENT WAS INPROPER WHERE THE EVIDENCE OF FACT WAS IN CONFLICT. (Sic).

{¶4} "As a preliminary matter, this Court is required to sua sponte raise questions related to our jurisdiction." *Billi v. Moyse-Morgan Ents. Inc.*, 9th Dist. Lorain No. 12CA010260, 2013-Ohio-1214, ¶ 7. The Ohio Constitution limits our jurisdiction to appeals taken from a judgment or final, appealable order. Ohio Constitution, Article IV, Section 3(B)(2). "For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *CitiMortgage v. Arnold*, 9th Dist. Summit No. 25186, 2011-Ohio-1350, ¶ 6, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989).

{¶5} "A judgment entry ordering a foreclosure sale is a final, appealable order pursuant to R.C. 2505.02(B) if it resolves all remaining issues involved in the foreclosure. This includes the questions of outstanding liens * * * and the amounts that are due the various claimants." *Mtge. Electronic Registration Sys., Inc. v. Green Tree Servicing, L.L.C.*, 9th Dist. Summit No. 23723, 2007-Ohio-6295, ¶ 9. Generally, to be a final, appealable order, the court must include the amount owed. *See CitiMortgage v. Arnold*, 9th Dist. Summit No. 25186, 2011-Ohio-1350, ¶ 7, citing *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, ¶ 31. However, there is an exception to this rule "where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains." *Arnold*, at ¶ 7, quoting *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546 (1997).

{¶6} Here, the trial court found "that there is due on said parcel(s): * * * [a]ll taxes, assessments, penalties, interest, and other charges, if any, which are due and unpaid as of the date of the delivery of the Delinquent Land Tax List to the Prosecuting Attorney by the County

Fiscal Officer which date is reflected on the Delinquent Land Tax List for said parcel * * *." Although this number would have been known at the time of the judgment entry, the entry does not contain any specific amount. Further, in its finding, the court relies on a figure detailed in The Delinquent Land Tax List as of a specified date. However, The Delinquent Land Tax List is not a part of the record. Because the court's entry does not resolve the issue of the amount due to the claimant, the County, it is not a final, appealable order. *See Citimortgage Inc. v. Roznowski*, 5th Dist. Stark No. 2011CA00124, 2012-Ohio-74, ¶ 26.

### III

**{¶7}** The appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOEL A. HELMS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and REGINA M. VANVOROUS, Assistant Prosecuting Attorney, for Appellee.