[Cite as *Beneficial Fin. 1, Inc. v. Kolomichuk*, 2014-Ohio-159.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

BENEFICIAL FINANCIAL 1, INC.,
SUCCESSOR BY MERGER TO
BENEFICIAL OHIO, INC., dba
BENEFICIAL MORTGAGE COMPANY
OF OHIO

      Appellee

      v.

BRENDA L. KOLOMICHUK, et al.

      Appellants

C.A. No.     12CA0099-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    12CIV1139

DECISION AND JOURNAL ENTRY

Dated: January 21, 2014

MOORE, Presiding Judge.

{¶1} Defendants Brenda L. and Peter R. Kolomichuk appeal from the judgment of the Medina County Court of Common Pleas. This Court dismisses the appeal for lack of a final, appealable order.

I.

{¶2} On August 3, 2012, Beneficial Financial 1, Inc., successor by merger to Beneficial Ohio Inc., dba Beneficial Mortgage Company of Ohio ("Beneficial"), filed a complaint for personal judgment against the Kolomichuks on a note that they had executed, and for foreclosure of the Kolomichuks' property, pursuant to the terms of a mortgage which secured the note. Beneficial additionally alleged that it "may claim a further interest by virtue of another mortgage filed for record on April 24, 1997 in Volume 1280, Page 61, of [the Medina] County

Recorder's [r]ecords." Moreover, Beneficial named the following defendants in the complaint due to their potential claims of liens against the property: (1) the Medina County Treasurer ("the Treasurer"), (2) William C. Pawson, Trustee ("the Trustee"); (3) State of Ohio, Bureau of Workers' Compensation ("BWC"), and (4) State of Ohio Department of Taxation. Beneficial claimed that its mortgage securing the note constituted a valid first lien upon the Kolomichuks' property, and, in its prayer for relief, requested that "all the other defendants herein be required to set up their liens or interests in said real estate or be forever barred from asserting same." Thereafter, Beneficial moved to add Medina General Hospital as a defendant due to its potential interest in the property, and the trial court granted this request.

{¶3}  The Treasurer answered the complaint, maintaining that it held a valid first and best lien against the property for all taxes, assessments, interest, and penalties charged against the property in such amounts "which are now due and owing and which will become due and owing up to and through the judicial sale and the date of confirmation of said sale of [the property], in such amounts as appear on the Tax Lien Records of Medina County, Ohio, plus court costs, if any, in such amounts as appear on the [c]ourt records in this action." The Treasurer also filed a cross-claim against the Kolomichuks for past-due property taxes in the amount of $3,509.90 and other amounts that may become due through the date of judicial sale. In its prayer for relief, the Treasurer requested the court to find that it had a valid first and best lien on the property for taxes, assessments, penalties and interest that was then presently due on the property, and for all such amounts which may become due through the date of the judicial sale, and for any court costs associated with its action. The Treasurer further requested that the property be sold, that all parties set up their interests in the property, and that its interest be paid first.

{¶4} The Trustee also answered the complaint, maintaining that he was awarded a judgment against Peter R. Kolomichuk in the amount of $114,000, that he had filed a judgment lien, and that the judgment had a balance due of $153,479.14. At the end of his answer, the Trustee asked that his judgment lien "be marshal[]ed in order of its priority, and that the property be sold and that [the Trustee] be paid from the proceeds of the [s]ale."

{¶5} The Kolomichuks, in answering Beneficial's complaint, set forth general denials, and several affirmative defenses. The Kolomichuks further responded that the title report filed by Beneficial contained liens which did not relate or apply to them.

{¶6} On October 25, 2012, Beneficial moved for default judgment against BWC, the Department of Taxation, and Medina General Hospital, for having not answered the complaint. Beneficial also moved for summary judgment "for the relief prayed for in its [c]omplaint[.]" In a memorandum attached in support of its motion, Beneficial maintained that there were no triable issues as to its claims against the Kolomichuks, and that Beneficial was entitled to judgment as a matter of law. Beneficial attached a copy of the note, the mortgage securing the note, and an affidavit of its employee, in which the employee averred that the balance on the note was past-due.

{¶7} The Kolomichuks responded in opposition to the motion, and attached an affidavit sworn by Peter R. Kolomichuk wherein he maintained that the lien referenced in the complaint to which the Trustee may claim an interest pertained to his adult son Peter Rodney Kolomichuk, III, and not to him. No other party responded to the motion for summary judgment.

{¶8} After consideration of the parties' briefs in support and contra summary judgment, the trial court granted summary judgment in favor of Beneficial, and it approved a decree of foreclosure prepared by Beneficial, which was approved by the Treasurer. The decree

reflects that it was submitted to the Kolomichuks and to the Trustee, but the Kolomichuks did not approve the decree and the Trustee did not respond.

{¶9}     In the decree, the trial court found the BWC, Department of Taxation, and Medina General Hospital in default for failing to respond to the complaint.  The court then stated:

> [The Kolomichuks] filed an answer in response to [Beneficial]'s complaint.  The court finds that [Beneficial] has filed a motion for summary judgment supported by a memorandum and affidavit.  Upon consideration thereof the court finds no genuine issue as to any material fact and [Beneficial] is entitled to a judgment and decree in foreclosure as a matter of law.

(Capitalization omitted.)

{¶10}  The court then found that the Kolomichuks owed Beneficial a balance of $170,174.70 on the note, and that Beneficial was entitled to foreclose on the property pursuant to the terms of the mortgage securing the property

{¶11}  In regard to the Trustee, the decree stated that he had filed an answer asserting an interest in the property, "which interest is junior in priority to [Beneficial's] interest[.]"  In regard to the Treasurer, the decree notes that the Treasurer filed an answer "asserting an interest in the real estate which is the subject of this action, which interest is senior in priority to [Beneficial]'s interest[.]"

{¶12}   The decree then ordered the property sold and that the proceeds of the sale be paid in the following priority: (1) to the clerk of court, (2) to the treasurer, and (3) to Beneficial.  The court then ordered that the balance be paid to the clerk to await further orders.  The decree provides that "there is no just reason for delay."

{¶13}  The Kolomichuks timely appealed from the decree of foreclosure, and they now raise one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT AND A DECREE IN FORECLOSURE, WHERE A GENUINE ISSUE OF MATERIAL FACT EXISTED CONCERNING WHETHER ONE OR MORE LIENS ASSERTED AGAINST THE SUBJECT REAL RESIDENTIAL PR[O]PERTY OF [THE KOLOMICHUKS] IN THE COMPLAINT IN FORECLOSURE AND IN THE TITLE WORK SUBMITTED BY [BENEFICIAL] WAS ACTUALLY AGAINST [THE KOLOMICHUKS'] SON PETER R. KOLOMICHUK, III, WHO LACKED ANY INTEREST IN THE SUBJECT PROPERTY AND WHOSE NAME WAS VERY SIMILAR TO THAT OF DEFENDANT-APPELLANT PETER R. KOLOMICHUK.

{¶14} In their sole assignment of error, the Kolomichuks argue that the trial court erred in entering judgment against them because there existed a genuine issue of fact as to whether the Trustee's lien was valid against their property.

{¶15} "As a preliminary matter, this Court is required to raise sua sponte questions related to our jurisdiction." *Miller Lakes Community Servs. Assn. v. Schmitt*, 9th Dist. Wayne No. 09CA0076, 2011-Ohio-1295, ¶ 12. The Ohio Constitution limits our jurisdiction to appeals taken from a judgment or final, appealable order. Ohio Constitution, Article IV, Section 3(B)(2). "For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *CitiMortgage v. Arnold*, 9th Dist. Summit No. 25186, 2011-Ohio-1350, ¶ 6, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989). *See also Greenpoint Mtge. Funding, Inc. v. Kutina*, 9th Dist. Summit No. 24275, 2011-Ohio-2241. R.C. 2505.02 provides in relevant part that an order is final when it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" Pursuant to Rule 54(B) of the Ohio Rules of Civil Procedure, "[if] more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just

reason for delay." However, "[n]otwithstanding the trial court's employment of the language that 'there is no just cause for delay,' this Court will not review judgments that fail to determine claims that are 'inextricably intertwined' with the claim(s) upon which the trial court has purported to issue final judgment." (Citations omitted.) *Miller Lakes Community Servs. Assn. v. Schmitt*, 9th Dist. Wayne No. 11CA0053, 2012-Ohio-5116, ¶ 14.

{¶16} Here, notwithstanding the trial court's use of the Civ.R. 54(B) language, the order appealed from purports to be a foreclosure decree and to order sale of the property. "A judgment entry ordering a foreclosure sale is a final, appealable order pursuant to R.C. 2505.02(B) if it resolves all remaining issues involved in the foreclosure. This includes the questions of outstanding liens * * * and the amounts that are due the various claimants." *Summit Cty. Fiscal Officer v. Helms*, 9th Dist. Summit No. 26901, 2013-Ohio-4678, ¶ 5, quoting *Mtge. Electronic Registration Sys., Inc. v. Green Tree Servicing, L.L.C.*, 9th Dist. Summit No. 23723, 2007-Ohio-6295, ¶ 9.

{¶17} Here, we cannot discern from the decree whether the trial court determined the Trustee's lien to be valid. In regard to the Trustee's purported lien, the decree first states as follows:

> The [c]ourt finds that the []Trustee, has filed an [a]nswer herein asserting an interest in the real estate which is the subject of this action, which interest is junior in priority to [Beneficial]'s interest as hereinabove set forth.

This language seems to indicate that the trial court determined that the Trustee had a *valid* interest in the property which was junior to Beneficial's interest. However, the trial court did not order that any proceeds from the sheriff's sale be paid to the Trustee. Instead, after payment to Beneficial, the trial court ordered that "[t]he balance of the sale proceeds, if any" be paid to the clerk of court "to await further orders of th[e trial c]ourt." The exclusion of any payment to the

Trustee seems to indicate that the Trustee's lien was *not valid* against the property. Based upon this inconsistency, this Court cannot determine the trial court's ruling on this issue.

> This Court has repeatedly found, most notably in *Harkai* [*v. Scherba Industries, Inc.*], 136 Ohio App.3d [211,] 216 (9th Dist.2000), that in order to constitute a final appealable order the content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court.

*Bencin v. Bencin*, 9th Dist. Medina No. 10CA0097-M, 2012-Ohio-4197, ¶ 4, citing *Parravani v. Parravani*, 9th Dist. Summit No. 25224, 2010-Ohio-3853, ¶ 4, quoting *Baker v. Baker*, 9th Dist. Lorain No. 09CA009603, 2009-Ohio-6906, ¶ 5-6.

{¶18} Here, based upon the apparent inconsistent rulings on the validity of the Trustee's lien contained in the decree, "the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court." (Quotations omitted.) *Bencin* at ¶ 4. Therefore, we conclude that the decree is not a final, appealable order.

{¶19} Lastly, we believe it prudent to note that our review of the record indicates that Beneficial has not produced several documents pertaining to its standing to bring this foreclosure action. *See Federal Home Loan Mtge. Corp. v. Schwartzald*, 134 Ohio St.3d 13 (2012) (standing is a jurisdictional matter that must be present at time complaint is filed), and *BAC Home Loan Serv. v. McFerren*, 9th Dist. Summit No. 26384, 2013-Ohio-3228, ¶ 11 ("a party must have the note *and* the mortgage in order to demonstrate standing" (Emphasis sic.)). Here, Beneficial alleged in its complaint that it held a note executed by the Kolomichuks; however, Beneficial did not attach this note to its complaint, claiming that it was "unavailable" at the time of filing. Further, Beneficial did not attach the note to its employee's affidavit in support of its motion for summary judgment. Instead, the employee averred that Beneficial was "in possession of the

original promissory note *and/or* loan agreement," and attached a loan agreement. (Emphasis added.) Moreover, although Beneficial did attach, to both the complaint and its affidavit in support of summary judgment, the 2006 mortgage which it maintained secured the note, its claimed predecessor in interest prior to merger, "Beneficial Ohio Inc.," is named as mortgagee. However, no merger documents appear in the record. *See JPMorgan Chase Bank, N.A. v. Byrd*, 9th Dist. Summit No. 26571, 2013-Ohio-2076. Additionally, Beneficial's complaint alleges that it "may claim" an interest in the property by virtue of another mortgage recorded in 1997, which it references by recording instrument number and date. The decree concludes that Beneficial does have an interest in the property by virtue of this mortgage. However, this mortgage is not replicated in the record, the summary judgment motion does not reference this mortgage, and there exists no reference in the record to possession of any note relative to this other mortgage. *See McFerren* at ¶ 8-9. As set forth above, based upon our determination that this decree is not a final appealable order, we do not reach the merits of the propriety of summary judgment. Be that as it may, since the Ohio Supreme Court issued its decision *Schwartzwald*, this Court has reversed and remanded several foreclosure decrees where standing at the commencement of the foreclosure action cannot be discerned from the record. *See, e.g., McFerren* at ¶ 16*, Byrd* at ¶ 21, and *Flagstar Bank, FSB v. Harvey*, 9th Dist. Summit No. 26594, 2013-Ohio-2666, ¶ 15. Therefore, we merely note the state of the record in the interest of judicial economy.

III.

{¶20} Accordingly, the appeal is dismissed for lack of a final, appealable order.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
CARLA MOORE
FOR THE COURT


BELFANCE, J.
WHITMORE, J.
CONCUR.


APPEARANCES:

JOSEPH F. SALZGEBER, Attorney at Law, for Appellants.

WILLIAM L. PURTELL, Attorney at Law, for Appellee.

DAVID M. DOUGLASS, Attorney at Law, for Appellee.