[Cite as *Wells Fargo Bank, NA v. Froimson*, 2014-Ohio-3225.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99720**

---

# WELLS FARGO BANK, NA

PLAINTIFF-APPELLEE

vs.

# ERIC FROIMSON, ET AL.

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CP CV-11-757506

**BEFORE:** Rocco, P.J., Keough, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** July 24, 2014

**ATTORNEYS FOR APPELLANT**

James R. Douglass
James R. Douglass Co., L.P.A.
4600 Prospect Avenue
Cleveland, OH   44103

Marc Dann
The Dann Law Firm
4600 Prospect Avenue
Cleveland, OH 44103

**ATTORNEYS FOR APPELLEE**

Michael L. Wiery
Edward G. Bohnert
Rachel M. Kuhn
Reimer, Arnovitz, Chernek & Jeffrey
30455 Solon Road
Solon, OH   44139

KENNETH A. ROCCO, P.J.:

{¶1} Defendant-appellant Eric Froimson ("Eric") appeals from the trial court's grant of summary judgment in favor of plaintiff-appellee Wells Fargo Bank, NA ("Wells Fargo"). Eric asserts that Wells Fargo lacked standing to bring the underlying foreclosure action and that Wells Fargo failed to meet the evidentiary standards required for a grant of summary judgment. We conclude that Wells Fargo did have standing and that Wells Fargo established that it was entitled to summary judgment. Accordingly, we affirm the trial court's final judgment.

{¶2} On June 14, 2011, Wells Fargo filed a complaint seeking judgment in foreclosure, and naming Eric and Abbe Froimson (collectively "the Froimsons") and Frank A. Novak as defendants.[1] The complaint alleged that Wells Fargo was the holder of a promissory note ("the Note") executed by the Froimsons. The Note was secured by a mortgage ("the Mortgage") on the real property located in Garfield Heights, Ohio ("the Property"). Wells Fargo alleged that the Froimsons had failed to pay in accordance with those agreements.

{¶3} The Froimsons did not file an answer, and Wells Fargo moved for default judgment on November 1, 2011. A hearing on that motion was held on January 11, 2012. Eric appeared at the hearing and was granted leave to file an answer. Default

---

[1]Abbe Froimson and Frank Novak are not parties to this appeal.

judgment was granted as to all other parties. Eric filed an answer, pro se, on January 26, 2012.

**{¶4}** On July 13, 2012, Wells Fargo moved for summary judgment. Attached to the motion was an affidavit from Thomas S. Hermann ("Hermann Affidavit"), a vice president of loan documentation for Wells Fargo. Attached to the affidavit were copies of the Note and the Mortgage. On July 30, 2012, the Froimsons filed, pro se, "Defendant[']s Objection to Summary Judgment." In their objections, the Froimsons asserted, inter alia, that Wells Fargo lacked standing to bring the foreclosure action.

**{¶5}** On January 14, 2013, the trial court granted Wells Fargo's motion for summary judgment. On January 18, 2013, the magistrate assigned to the case filed its decision granting Wells Fargo's motion for summary judgment and granting a foreclosure on the Property. The Froimsons filed objections to the magistrate's decision and Wells Fargo filed a reply. On March 18, 2013, the trial court overruled those objections and adopted the magistrate's decision granting summary judgment to Wells Fargo and granting a foreclosure on the Property.

**{¶6}** Eric appeals from the trial court's March 18, 2013 decision and sets forth two assignments of error for our review:

I. The trial court erred when it failed to dismiss Wells Fargo's complaint for lack of standing.

II. The trial court erred when it awarded summary judgment to Wells Fargo even though Wells Fargo failed to demonstrate that it was entitled to relief.

**{¶7}** As a preliminary matter, Wells Fargo argues that Eric waived the arguments that he is making on appeal because he failed to raise those arguments in his objections to the magistrate's decision. Although Eric's pro se objections were somewhat general, in the interest of justice, we proceed to the merits of the case.

**{¶8}** In his first assignment of error, Eric argues that the trial court erred in failing to dismiss Wells Fargo's complaint due to lack of standing. We disagree. "[A] party may establish its interest in the suit, and therefore, have standing to invoke the jurisdiction of the court when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned or (2) is the holder of the note." *CitiMortgage v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21-22 (8th Dist.), *discretionary appeal not allowed*, 135 Ohio St.3d 1414, 2013-Ohio-1622, 986 N.E.2d 30, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. Under R.C. 1301.201(B)(21), "holder" is defined, in pertinent part, as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."

**{¶9}** Wells Fargo has demonstrated that it was in possession of the Note at time that it filed the complaint and that the Note is payable to Wells Fargo as the successor of World Savings Bank. The Note lists the "Lender" as "World Savings Bank, FSB, a Federal Savings Bank, It's Successors and/or Assignees, or anyone to whom this Note is transferred." Wells Fargo filed in the trial court a Notice of Filing Corporate Name Change Document. Attached to the Notice was a document from the National

Information Center indicating that (1) on December 31, 2007, World Savings Bank was renamed to Wachovia Mortgage; and (2) on November 1, 2009, Wachovia Mortgage was acquired by Wells Fargo. It follows that Wells Fargo is the successor of World Savings Bank. Eric argues that there is no evidence that the Note was ever assigned to Wells Fargo. Eric is correct, but he misses the point. There was no need to assign the Note to Wells Fargo, because Wells Fargo obtained the Note as a successor, not as an assignee. Wells Fargo produced the requisite documentation to establish that the Note was payable to Wells Fargo.

{¶10} Wells Fargo also established through the Hermann Affidavit that Wells Fargo was in possession of the Note. The Hermann Affidavit avers that Wells Fargo is the holder of the Note and a copy of the Note and Mortgage were attached to the affidavit. Wells Fargo established both that it was in possession of the Note and that the Note was payable to Wells Fargo. Accordingly, Wells Fargo was the holder of the Note. Because Wells Fargo established that it was the holder of the Note on June 14, 2011, it follows that Wells Fargo had standing to file the complaint against the Froimsons. *See CitiMortgage* at ¶ 21-22. Therefore, the trial court did not err in failing to dismiss the complaint for lack of standing. We overrule the first assignment of error.

{¶11} In his second assignment of error, Eric argues that the trial court erred in granting summary judgment to Wells Fargo. We review de novo a decision granting summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is properly granted when (1) there is no genuine issue as

to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

{¶12} Eric asserts that Wells Fargo's motion for summary judgment was not supported by evidentiary quality materials. Specifically, Eric argues that the Hermann affidavit is deficient because it is not based on Hermann's personal knowledge. We disagree. The Hermann affidavit states that the averments made are made within the scope of Hermann's duties as vice president of loan documentation for Wells Fargo. Hermann averred that he had "personal knowledge of the operation and circumstances surrounding the maintenance and retrieval of records in Wells Fargo's record keeping system." Hermann Aff. ¶ 2. Hermann also stated that the affidavit is "based upon personal knowledge obtained from [his] personal review of the business records for the loan which is the subject of this action." *Id. at ¶* 4.

{¶13} We find nothing deficient about the Hermann Affidavit and so we reject Eric's argument challenging the quality of the evidence presented by Wells Fargo in support of its motion for summary judgment. The trial court did not err in granting Wells Fargo's motion for summary judgment and we overrule the second assignment of error. We affirm the trial court's final judgment.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MELODY J. STEWART, J., CONCUR