[Cite as *Wells Fargo Bank, NA v. Froimson*, 2014-Ohio-4468.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99720**

---

# WELLS FARGO BANK, NA

### PLAINTIFF-APPELLEE

vs.

# ERIC FROIMSON, ET AL.

### DEFENDANTS-APPELLANTS

---

### JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CP CV-11-757506

**BEFORE:** Rocco, P.J., Keough, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 9, 2014

**ATTORNEYS FOR APPELLANT**

James R. Douglass
James R. Douglass Co., L.P.A.
P.O. Box 6031040
Cleveland, Ohio   44103

Marc Dann
The Dann Law Firm
P.O. Box 603140
Cleveland, Ohio   44103

**ATTORNEYS FOR APPELLEE**

Michael L. Wiery
Edward G. Bohnert
Rachel M. Kuhn
Reimer, Arnovitz, Chernek & Jeffrey
30455 Solon Road
Solon, OH   44139

ON RECONSIDERATION[1]

KENNETH A. ROCCO, P.J.:

{¶1} Defendant-appellant Eric Froimson ("Eric") appeals from the trial court's grant of summary judgment in favor of plaintiff-appellee Wells Fargo Bank, NA ("Wells Fargo"). Eric asserts that Wells Fargo lacked standing to bring the underlying foreclosure action and that Wells Fargo failed to meet the evidentiary standards required for a grant of summary judgment. We conclude that Wells Fargo did not submit evidentiary quality materials sufficient to establish standing, and so we reverse the trial court's final judgment.

{¶2} On June 14, 2011, Wells Fargo filed a complaint seeking judgment in foreclosure, and naming Eric and Abbe Froimson (collectively "the Froimsons") and Frank A. Novak as defendants.[2] The complaint alleged that Wells Fargo was the holder of a promissory note ("the Note") executed by the Froimsons. The Note was secured by a mortgage ("the Mortgage") on the real property located in Garfield Heights, Ohio ("the Property"). Wells Fargo alleged that the Froimsons had failed to pay in accordance with those agreements.

---

[1] The original decision in this appeal, *Wells Fargo Bank, NA v. Froimson*, 8th Dist. Cuyahoga No. 99720, 2014-Ohio-3225, released July 24, 2014, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

[2] Abbe Froimson and Frank Novak are not parties to this appeal.

{¶3} The Froimsons did not file an answer, and Wells Fargo moved for default judgment on November 1, 2011. A hearing on that motion was held on January 11, 2012. Eric appeared at the hearing and was granted leave to file an answer. Default judgment was granted as to all other parties. Eric filed an answer, pro se, on January 26, 2012.

{¶4} On July 13, 2012, Wells Fargo moved for summary judgment. Attached to the motion was an affidavit from Thomas S. Hermann ("the Hermann Affidavit"), a vice president of loan documentation for Wells Fargo. Attached to the affidavit were copies of the Note and the Mortgage. On July 30, 2012, Eric filed, pro se, "Defendant[']s Objection to Summary Judgment." In his objections, he asserted, inter alia, that Wells Fargo lacked standing to bring the foreclosure action.

{¶5} On January 14, 2013, the trial court granted Wells Fargo's motion for summary judgment. On January 18, 2013, the magistrate assigned to the case filed a decision granting Wells Fargo's motion for summary judgment and granting a foreclosure on the Property. Eric filed objections to the magistrate's decision and Wells Fargo filed a reply. On March 18, 2013, the trial court overruled those objections and adopted the magistrate's decision granting summary judgment to Wells Fargo and granting a foreclosure on the Property.

{¶6} Eric appeals from the trial court's March 18, 2013, decision and sets forth two assignments of error for our review:

I. The trial court erred when it failed to dismiss Wells Fargo's complaint for lack of standing.

II. The trial court erred when it awarded summary judgment to Wells Fargo even though Wells Fargo failed to demonstrate that it was entitled to relief.

{¶7} We review de novo a decision granting summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel Duganitz v. Ohio Adult Parole Auth.*, 77 Ohio St.3d 190, 191, 672 N.E.2d 654 (1996).

{¶8} As a preliminary matter, Wells Fargo argues that Eric waived the arguments that he is making on appeal because he failed to raise those arguments in his objections to the magistrate's decision. Although Eric's pro se objections were somewhat general, in the interest of justice, we proceed to the merits of the case.

{¶9} We consider both assignments of error together because the analysis involved is interrelated. In his first assignment of error, Eric argues that the trial court erred in failing to dismiss Wells Fargo's complaint due to lack of standing. Eric had challenged Wells Fargo's motion for summary judgment on the basis of lack of standing. Wells Fargo cannot prevail on summary judgment unless it can first establish that it had standing to bring suit.

{¶10} "[A] party may establish its interest in the suit, and therefore, have standing to invoke the jurisdiction of the court when, at the time it files its complaint of

foreclosure, it either (1) has had a mortgage assigned or (2) is the holder of the note." *CitiMortgage v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 21-22 (8th Dist.), *discretionary appeal not allowed*, 135 Ohio St.3d 1414, 2013-Ohio-1622, 986 N.E.2d 30, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214. Under R.C. 1301.201(B)(21), "holder" is defined, in pertinent part, as "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession."

{¶11} Wells Fargo has failed to submit evidentiary quality material demonstrating that it was the holder of the Note at the time that it filed the complaint. The Note lists the "Lender" as "World Savings Bank, FSB, a Federal Savings Bank, Its Successors and/or Assignees, or anyone to whom this Note is transferred." On November 1, 2011, Wells Fargo filed in the trial court a "Notice of Filing Corporate Name Change Document." Attached to the Notice was a document from the National Information Center ("NIC"), a government website, indicating that (1) on December 31, 2007, World Savings Bank was renamed to Wachovia Mortgage; and (2) on November 1, 2009, Wachovia Mortgage was acquired by Wells Fargo. But "[d]ocuments purportedly printed from a website do not comport with the strict limitations on documentary evidence set forth in Civ.R. 56(C)." *Lebron v. A&A Safety, Inc.*, 8th Dist. Cuyahoga No. 96976, 2012-Ohio-1637, ¶ 9. A trial court can consider such documents only when they are accompanied by an affidavit from a competent witness who can verify them.[3] *Id.*

---

[3]Certificates of merger from the appropriate secretary of state can also be used to establish

{¶12} The Hermann Affidavit makes no mention of the document from the NIC, and, thus, fails to verify the document. While the Hermann Affidavit does state that Wells Fargo is the holder of the note, Wells Fargo is still required to demonstrate that it was the successor or assignee of World Savings Bank at the time that the complaint was filed. For these reasons, we conclude that the trial court erred in granting summary judgment to Wells Fargo.

{¶13} But we reject Eric's argument that the Hermann affidavit is deficient because it is not based on Hermann's personal knowledge. The Hermann affidavit states that the averments made are made within the scope of Hermann's duties as vice president of loan documentation for Wells Fargo. Hermann averred that he had "personal knowledge of the operation and circumstances surrounding the maintenance and retrieval of records in Wells Fargo's record keeping system." Hermann Aff. ¶ 2. Hermann also stated that the affidavit is "based upon personal knowledge obtained from [his] personal review of the business records for the loan which is the subject of this action." *Id.* at ¶ 4. We find nothing deficient about the Hermann Affidavit, and so we reject Eric's argument challenging the evidentiary quality of the affidavit.

{¶14} Because Wells Fargo failed to present evidentiary quality materials to demonstrate that it had standing to file the complaint, we sustain the assignments of error and reverse and remand the trial court's final judgment. On remand, Wells Fargo may

that one company has merged into another company. *See Bank of Am., N.A. v. Harris*, 8th Dist. Cuyahoga No. 99272, 2013-Ohio-5749, ¶ 17-19.

seek leave to file another motion for summary judgment, and it may submit materials to correct its earlier omission on the issue of standing. The trial court may consider such a motion. *See Cipriani v. Stephanoff*, 8th Dist. Cuyahoga No. 56250, 1990 Ohio App. LEXIS 114, *7 (Jan. 11, 1990); *Ohio Receivables, LLC v. Purola*, 11th Dist. Lake No. 2012-L-092, 2012-Ohio-5806, ¶10-14; *Stemen v. Shibley*, 11 Ohio App.3d 263, 465 N.E.2d 460 (6th Dist.1982). And, of course, if Eric has evidence challenging whether (1) on December 31, 2007, World Savings Bank was renamed to Wachovia Mortgage; and (2) on November 1, 2009, Wachovia Mortgage was acquired by Wells Fargo, then he is free to bring that evidence to the trial court in his motion opposing summary judgment.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MELODY J. STEWART, J., CONCUR